# BUCKMINSTER'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.
## No. 88.

Circuit Court of Appeals, Second Circuit.
Nov. 16, 1944.

Hugh C. Bickford, of Washington, D. C., and D. Robert Kaplan, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen Carloss, and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The taxpayer asserts that the Tax Court erred in admitting in evidence a hospital record made at the time when taxpayer's decedent was stricken with a cerebral hemorrhage on March 12, 1933. The taxpayer cites 26 U.S.C.A. Int.Rev.Code, § 1111, which provides that the rules 'of evidence before the Tax Court are those "applicable in the courts of the District of Columbia in the type of proceedings which," before the merging of the District's law and equity courts in 1938, "were within the jurisdiction of the courts of equity of said District"; and refers us to a recent decision by the Court of Appeals for the District of Columbia in New York Life Ins. Co. v. Taylor, 147 F.2d 297, where a majority of that Court held that, as 28 U.S.C.A. § 695 had been construed by the Supreme Court in Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719, such a record is not admissible. We do not agree with the way in which Hoffman v. Palmer was interpreted in the Taylor case. As we said when the Palmer case was before us in Hoffman v. Palmer, 2 Cir., 129 F.2d 976, 992, we regarded § 695 as authorizing the admission of such records, since as to them there is an absence of any such motive to misrepresent as was present in the Palmer case, adding that we would adhere to our earlier decisions, holding such records admissible, in Reed v. Order of United Commercial Travelers, 2 Cir., 123 F.2d 252 and Ulm v. Moore-McCormack Lines, 2 Cir., 115 F.2d 492, rehearing denied, 2 Cir., 117 F.2d 222, certiorari denied 313 U.S. 567, 61 S.Ct. 941, 85 L.Ed. 1525.[1] Since § 695 is a federal statute of general application, its construction by the Court of Appeals of the District of Columbia has no peculiar sanctity, and, as we think that

[1] We agree with the remarks of Judge Edgerton in his concurring opinion in New York Life Ins. Co. v. Taylor, supra, that nothing in the Supreme Court's opinion in the Palmer case overrules those earlier decisions.

Court's construction was in error, we hold that it was not binding upon the Tax Court.

■ 2. Taxpayer further complains that the hospital record contains privileged matter rendering it inadmissible under Title 14, § 14—308 of the District of Columbia code.[2] That statute, however, expressly provides that the privilege may be waived by the patient or his legal representative. Such a waiver need not be express but may be implied; and we think there is such an implied waiver when the patient's representative introduces testimony relating to the illness in question. Baltimore & Ohio R. Co. v. Morgan, 35 App.D.C. 195, 207; Mays v. New Amsterdam Casualty Co., 40 App.D.C. 249, 257-258, 46 L.R.A.,N.S., 1108 (certiorari denied 238 U.S. 624, 35 S.Ct. 662, 59 L.Ed. 1494); cf. Wigmore, Evidence § 2389. Here the taxpayer introduced testimony that decedent went to the hospital and, indeed, testimony concerning the statements and diagnosis of the physician who attended decedent when he was in the hospital.

■ 3. Taxpayer also argues that the Tax Court erroneously admitted the testimony of decedent's nurse as to a prior inconsistent statement made by the decedent's wife. Any error in admitting this testimony was harmless. For the Tax Court did not refer to it in its findings, and there is no indication that it relied thereon.

■ 4. Taxpayer argues that the findings of the Tax Court, including its ultimate finding, are not supported by substantial evidence. In aid of that argument, taxpayer cites testimony which, standing alone, might not support the findings; but there is ample other evidence from which the Tax Court could make inferences leading to, and justifying, them.

The taxpayer urges that the Tax Court based its decision upon the erroneous conclusion that, at the time of the transfers, decedent "was so seriously ill and had abandoned all hope of recovery that he made the gift solely in contemplation of death." The Tax Court's finding and opinion contain no such conclusion; they make no mention of whether or not decedent had abandoned all hope of recovery. The statute does not make such a finding necessary.

Concerning decedent's motive, the Tax Court found that, although he may have had other reasons for making the transfer, they were not dominant, that the dominant motive was contemplation of death and that the transfers were "plainly substitutes for testamentary disposition." That is sufficient; United States v. Wells, 283 U.S. 102, 51 S.Ct. 102, 75 L.Ed. 867; City Bank Farmers Trust Co. v. McGowan, 2 Cir., 142 F.2d 599, 602. The evidence as to decedent's condition in the interval after his stroke up to the time when he transferred a ponderable part of his property is surely substantial ground for the Tax Court's conclusion. That, in that interval, he indulged in some physical exercise by no means compels a contrary conclusion.[3]

The basic issue here is of the kind which, even under the narrowest interpretation of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, must be left to the Tax Court.[4]

Affirmed.

---

[2] This statute reads:
"In the courts of the District of Columbia no physician or surgeon shall be permitted, without the consent of the person afflicted, or of his legal representative, to disclose any information, confidential in its nature, which he shall have acquired in attending a patient in a professional capacity and which was necessary to enable him to act in that capacity, whether such information shall have been obtained from the patient or from his family or from the person or persons in charge of him: Provided, That this section shall not apply to evidence in criminal cases where the accused is charged with causing the death of, or inflicting injuries upon a human being, and the disclosure shall be required in the interests of public justice." (May 25, 1896, 29 Stat. 138, ch. 245; Mar. 3, 1901, 31 Stat. 1358, ch. 854, § 1073; Mar. 3, 1901, 31 Stat. 1434, ch. 854, § 1636.)

[3] The taxpayer assails the finding that a provision of the transfer was intended to equalize the income of the mother and daughter after decedent's death, asserting that there was no evidence with respect to the intention of decedent in this respect. But the witness, Marcy, who was the divorced husband of decedent's daughter and the attorney who drafted the instrument of transfer, testified as follows: "Q. In other words, their separate incomes in that event would be equal. A. That was the intention." Moreover, even aside from such testimony, the Tax Court was justified in finding that the decedent intended to accomplish what in fact he did accomplish.

[4] Cf. Paul, Dobson v. Commissioner: The Strange Ways of Law and Fact, 57 Harv.L.Rev. 753, 822–831.