## JANEWAY et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### SHIELDS v. SAME.

#### Nos. 29, 30.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1945.

Wright, Gordon, Zachry, Parlin & Cahill, of New York City (Charles C. Parlin and Robert C. Brown, both of New York City, of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and Newton K. Fox, all of Washington, D. C., for respondent.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We read the findings of the Tax Court taken together with its opinion[1] as saying that, as a matter of fact, all the payments made by the taxpayers to the corporation were capital contributions of such character that, as against any third persons (such as, e.g., persons contracting with the corporation) the taxpayers would have to be regarded as stockholders and nothing else. As the Tax Court's conclusion rests upon a determination of fact supported by substantial evidence,[2] we cannot disturb it, even under a restricted interpretation of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239.[3] Accepting that conclusion, the decision of the Tax Court is correct.

Affirmed.

---

[1] That we may do so, see, e.g., Insurance & Title Guarantee Co. v. Commissioner, 2 Cir., 36 F.2d 842, 845; California Iron Yards Co. v. Commissioner, 8 Cir., 47 F.2d 514, 518; Producers' Creamery Co. v. United States, 5 Cir., 55 F.2d 104, 106; Emerald Oil Co. v. Commissioner, 10 Cir., 72 F.2d 681, 683; Flynn v. Commissioner, 5 Cir., 77 F.2d 180, 183; California Barrel Co., Inc. v. Commissioner, 9 Cir., 81 F.2d 190, 193; Baker v. Commissioner, 6 Cir., 115 F.2d 987, 989.

[2] Involved is the question of the credibility of the witnesses as to the taxpayers' intentions, a question surely for the Tax Court.

[3] See Paul, Dobson v. Commissioner: The Strange Ways of Law and Fact (1944), 57 Harv.L.Rev. 753, 822–831; Buckminster's Estate v. Commissioner, 2 Cir., 1944, 147 F.2d 331.