NORBERT H. WIESLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 108911, 112741. Promulgated May 24, 1946.

*R. N. O'Hara, Esq.,* and *Harry A. Smith, C. P. A.,* for the petitioner.
*A. J. Friedman, Esq.,* for the respondent.

1154

OPINION.

HILL, *Judge*: The first question is whether the dividends charged to petitioner with respect to account No. 2 can be offset or deducted by him as business expenses under section 23 (a) (1) of the Internal Revenue Code.[1] The dividends charged in the years 1936, 1937, and 1939 are involved in Docket No. 108911, and the dividends charged in 1940 are involved in Docket No. 112741. Respondent contends that such dividend charges are capital expenses which should be included in the cost basis of the stock purchased to cover the short sales.

There is no question that the sales transacted through account No. 2 are short sales. The parties have so stipulated. Nor apparently is there any question that petitioner was engaged in the business of trading in securities. We have found as a fact that he was so engaged. Respondent does not contend on brief to the contrary nor do we think, on the facts of this case, it could be successfully argued that petitioner was not so engaged. Consequently, we are not here concerned with the type of situation involved in such cases as *Deputy* v. *duPont*, 308 U. S. 488, and *Gladys G. Terbell et al., Executors*, 29 B. T. A. 44; affd., 71 Fed. (2d) 1017.

Under these circumstances the present question is controlled in favor of petitioner by *Dart* v. *Commissioner*, 74 Fed. (2d) 845, and

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *

*W. Hinckle Smith*, 44 B. T. A. 104. These cases hold that amounts equivalent to dividends paid on account of stock borrowed to make short sales are deductible business expenses for a taxpayer engaged in the business of stock trading. The *Dart* case, *supra*, was cited with apparent approval by the Supreme Court in *Deputy* v. *duPont*, *supra*. Contrary conclusions were reached in *Commissioner* v. *Levis' Estate*, 127 Fed. (2d) 796; certiorari denied, 317 U. S. 645, reversing B. T. A. memorandum opinion; and *Helvering* v. *Wilmington Trust Co.*, 124 Fed. (2d) 156, reversing *Alice duPont Ortiz*, 42 B. T. A. 173, and reversed on other grounds in *Wilmington Trust Co.* v. *Helvering*, 316 U. S. 164.

On the authority of the *Dart* and *Smith* cases, *supra*, we hold that petitioner is entitled to deduct as business expenses the amounts paid by him on account of dividends on the stock borrowed for his short sale transactions during the taxable years.

The next question is whether petitioner is entitled to deduct, under section 23 (a) (1) or (2), certain expenses incurred by him during the taxable years in maintaining an office for his stock trading activities and for legal fees in connection with income tax litigation. The amount and nature of these expenses have been set out in the findings of fact. The expenses incurred in 1936, 1937, and 1939 are involved in Docket No. 108911 and the expenses incurred in 1940 are involved in Docket No. 112741. As has been said above, it seems undisputed that petitioner was engaged during the taxable years in the business of stock trading and we have so found. It seems equally clear from the facts of this case that the salary and office maintenance expenses here involved are directly related to and proximately resulted from this business. The legal fees were incurred for legal services rendered in representing petitioner in this Court in Docket No. 97597, involving deficiencies in income taxes for the years 1933 to 1935, inclusive. This litigation involved petitioner's stock trading activities and in our opinion clearly represents an expense within the purview of section 23 (a).

Respondent does not seriously contest the deductibility of these expenses. On brief respondent states in part as follows:

The deductibility of expenses similar to the ones here incurred by petitioner was considered and the deduction allowed in the following cases: *Edward Mallinckrodt, Jr.*, (1943) 2 T. C. 1128; Acq. (1944) I. R. B. No. 7; *Barbara S. Kirkland, et al.*, T. C. Memo. Op. (1942); Acq. (1943); *Edward G. Acheson, Jr.*, T. C. Memo. Op. (1943); Acq. (1943); *Trust u/w of Mary Lily (Flagler) Bingham* v. *Commissioner*, (1945) 325 U. S. 365; *Howard E. Cammack, et al.*, (1945) 5 T. C. 467; Acq. (1945) I. R. B. No. 18; *Herbert Marshall, et al.*, (1945) 5 T. C. 1032; Acq. (1946) I. R. B. No. 3. If the Court should determine that the instant situation is controlled by the foregoing cases, then the expense deduction here sought by petitioner should be allowed; if not the disallowance thereof by the Commissioner should be sustained.

We think the cases cited by respondent do control the instant situation. See also *William Heyman*, 6 T. C. 799. We therefore hold that the expenses in question are deductible by petitioner under section 23 (a).

The last question is whether petitioner is entitled to deduct the $8,121.44 interest charged to his account No. 2 as a business expense in 1940. This issue is involved in Docket No. 112741.

Petitioner, in 1940, was credited with interest by P & W on his collateral account, special cash account, and account No. 4 in the aggregate amount of $14,275.68. Petitioner was charged interest in 1940 by P & W on accounts Nos. 3 and 2 in the respective amounts of $7,094.95 and $8,121.44. Petitioner included as income the interest so credited him and deducted as an expense the interest charged him by P & W in 1940. Respondent has disallowed as a deduction the amount of $8,121.44 representing the interest charge in account No. 2, but has otherwise accepted petitioner's treatment of the interest credits and charges.

Respondent explained this disallowance in the statement attached to the notice of deficiency as follows:

(a) It is held that interest in the aggregate amount of $8,121.44 charged by your broker on brokerage account captioned "General Account No. 2" is not deductible under the provisions of Section 23 (b) of the Internal Revenue Code since payment thereof was not made during the year 1940.

On brief, respondent in this connection argues in part as follows:

Since it appears that no interest was credited in account No. 2, the only possible basis for justifying the petitioner's contention that interest charged in this account was paid in 1940 would be the consolidation of the five accounts into one account. * * *

The Court's attention is directed to G. C. M. 23111, C. B. 1942–1, page 49, in which it is stated:

In cases in which a customer maintains more than one margin account with the same broker, interest charged to one account is not paid by a credit of that amount from another account if the total indebtedness of the customer is in effect increased by the interest charged. Such bookkeeping entries merely serve to transfer the interest charge from one account to another.

Respondent argues that the interest charged on account No. 2 was offset by preexisting credit balances from other accounts and that such procedure does not constitute payment under the quoted G. C. M. Respondent apparently brushes aside the fact that the accounts were consolidated by provision of the agreement set out in the findings of fact. Moreover, if respondent's contention is sound, we do not understand why it would not be equally applicable against a deduction of the interest charged in account No. 3, which respondent has allowed.

G. C. M. 23111, C. B. 1942–1, p. 47, recommended the modification of I. T. 3484, C. B. 1941–1, p. 207. This recommendation was adopted and I. T. 3484 was accordingly modified by I. T. 3536, C. B. 1942–1,

p. 49. Prior to modification I. T. 3484 had provided, in effect, that a reduction of a customer's withdrawable credit constituted payment of interest charged by a broker on such customer's account. G. C. M. 23111 modified this interpretation and provided in effect that payment of interest charged by a broker can only be considered paid by the customer when some new credit is added to such customer's account. G. C. M. 23111 concludes as follows:

In view of the foregoing, it is the opinion of this office that interest charged by a broker on indebtedness due him from the customer, under the usual type of margin account, is actually or constructively paid for Federal income tax purposes only as the broker receives payments from the customer or makes collections for the account of the customer. As indicated by the above-quoted statement, such payments may consist of amounts received from—(a) the collection by the broker of dividends or interest for the account of the customer; (b) the sale by the customer of securities held by the broker or to be received by him; (c) the deposit of cash by the customer, either in answer to a call from the broker for additional margin or voluntarily.

As we interpret the above quotation, the ruling now is that interest is considered paid by a customer only when subsequent to, or concurrently with, the interest charges, the broker has collected dividends or interest for the customer's account or when cash has been made available either by sale of securities held by the broker or by the customer's deposit. In other words, the former ruling that an offset of a withdrawable credit against an interest charge constituted payment *pro tanto* of the latter has been so limited that to constitute such payment the interest charge must be offset, not by a prior existing credit, but by a new and additional credit arising simultaneously with or subsequent to the charge in the form of collected dividends, interest, or cash.

We think petitioner paid the interest charged on account No. 2 in 1940 within the meaning of G. C. M. 23111. In 1940 P & W credited interest to petitioner's various accounts which had average credit balances throughout the year and charged petitioner with interest on his accounts which had average debit balances throughout the year. Such credits and charges were obviously made concurrently, hence, on the basis of the yearly period, the credits did not antedate the interest charges. It follows, under the ruling set forth in G. C. M. 23111, that interest in the aggregate amount of $14,275.68 credited to petitioner in 1940 is available as an offset and *pro tanto* payment in 1940 of interest charged to petitioner in the aggregate amount of $15,216.39 in such year. This would leave a balance of $940.71 unpaid interest charges. P & W also credited petitioner with dividends in 1940 in the amount of $62,268.75 and charged him for dividends in the amount of $58,875, leaving a credit balance in petitioner's favor of dividends collected of $3,393.75 as of the end of 1940. This amount, we think, clearly constitutes "the collection by the broker

1158

of dividends * * * for the account of the customer," and on the basis of the yearly accounting period it did not antedate the interest charge. It follows that the collected dividend credit could also be considered payment of petitioner's interest charge, and this credit is more than sufficient to cover the unpaid balance of $940.71. Furthermore, petitioner sold stock in 1940 in the amount of $83,168.21 and bought stock in the same year in the amount of $37,598.50. These sales and purchases were all made through P & W. The sales exceeded the purchases by the amount of $45,569.71, which constituted a net credit to petitioner in respect thereof as of the end of 1940. We think this fact constitutes "the sale by the customer of securities held by the broker or to be received by him" within the meaning of G. C. M. 23111. It again follows that this excess of sales over purchases could constitute payment of petitioner's interest and is more than sufficient to cover such interest charge.

Respondent does not contend that the treating of petitioner's five accounts with P & W as one account for determining net debit or credit balances was improper. This was done pursuant to the letter of authorization set out in our findings. Such practice is compatible with stock exchange regulations and customer's agreements as recognized by G. C. M. 23111 in the illustrative example set forth therein.

We hold that petitioner is entitled to deduct in 1940 the interest of $8,121.44 charged to him on account No. 2 in that year.

*Decisions will be entered under Rule 50.*