Guy M. Peters v. Commissioner.
Peters v. Commissioner
Docket No. 7705.
United States Tax Court
1946 Tax Ct. Memo LEXIS 32; 5 T.C.M. (CCH) 987; T.C.M. (RIA) 46272; November 22, 1946
Spaulding F. Glass, Esq., 135 S. La Salle St., Chicago 3, Ill., for the petitioner. D. F. Long, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in petitioner's income tax for the calendar year 1941 in the amount of $1,262.43, *33 of which $1,256.85 is in dispute. That part of the deficiency which is here in issue arose by reason of respondent's disallowance of a deduction claimed by petitioner on account of the payment by him in 1941 of amounts in lieu of dividends declared on stock which petitioner had borrowed in order to make delivery of stock which he had sold "short". Findings of Fact Petitioner is an individual residing in Chicago, Illinois, who filed his income tax return for the year 1941 on the cash basis with the collector of internal revenue for the first district of Illinois. Petitioner has been a practicing attorney since 1906. He maintained an office in Chicago, and, except for a period of illness in 1941, spent about one-half of his time during that year in the active practice of law, and about one-half managing his investments and speculative market trading accounts. He employed a bookkeeper who kept books and records reflecting his activities in the stock market. Petitioner had accumulated and maintained since his early years in the practice of law an investment account, for which he purchased securities from time to time as an investment. These securities were kept in his possession, *34 and the account was in all respects separate and distinct from his speculative trading accounts which gave rise to the present dispute. In 1925 or 1926, petitioner had a conference with his brother, Norman W. Peters, who was a professional market trader, devoting to it all his time and employing a staff of assistants. Petitioner decided to have his brother open for him and in his name a speculative trading account with the brokerage firm of Libaire & Co. of New York, through which petitioner's brother traded. Petitioner gave his brother a power of attorney enabling him to operate the account for petitioner, and his brother did under take many transactions without immediately conferring with petitioner. However, on occasions Norman W. Peters sought express instructions from petitioner before entering into transactions under consideration, and they were, in fact, in more or less constant touch with each other by longdistance telephone, by telegrams and letters, as well as occasional personal visits during which extensive discussions took place with respect to petitioner's account and activities in the market. Petitioner subscribed to financial publications, and spent a part of every *35 day checking and analyzing published market statistics. In connection with his account at Libaire & Co., by contract with them petitioner was responsible for any expenses and charges to his account which were usual and proper in the business and the brokers were authorized to borrow or buy for his account any securities or property sold for him which he failed to deliver. According to the usual and ordinary practice in connection with trading on the New York Stock Exchange, a person who makes a short sale and borrows stock in order to make delivery is under an obligation to pay to the lender an amount equivalent to all dividends declared on the borrowed stock before replacements are furnished. In 1941, petitioner made a total of 61 purchases for his speculative accounts, totaling $171,776.39, and 66 sales, totaling $207,423.17. He received dividends totaling $15,473.28 in 1941, of which $8,157.41 was credited to his account at Libaire & Co. During 1941, there was charged to his account at Libaire & Co. $3,470, which represented payments in lieu of dividends on short sales. The amount of $3,470 paid by petitioner during 1941, was an ordinary and necessary expense incurred and *36 paid in carrying on the business of buying and selling stock as a market trader for his own account, and in the management, conservation or maintenance of property held for the production of income. Opinion KERN, Judge: Respondent's argument in support of his determination that the deduction here in issue is not allowable, may be summarized as follows: 1. It was not deductible as an ordinary and necessary business expense of petitioner under section 23 (a) (1) of the Internal Revenue Code[1] because (a) petitioner was not engaged in the business of buying and selling securities, and (b) the expenditures in question were capital items which should have been added to the cost of the stock purchased to replace the borrowed stock used in completing short sales, if and when such stock was purchased. 2. Even though the provisions of section *37 23 (a) (2) of the Code [2] added to the Code by Section 121 of the Revenue Act of 1942 and made retroactive to the taxable year involved, would preclude the necessity of showing that petitioner was engaged in the business of buying and selling securities as a prerequisite to the allowance of this deduction, nevertheless, the items here involved would not be deductible under section 23 (a) (2) since they were capital items and not expenses within the meaning of that section. This argument presents two questions for our decision: (1) was petitioner engaged in the business of buying and selling stock during the taxable year; and (2) were the items here claimed as deductions capital expenditures, or were they ordinary and necessary business expenses? 1. We have concluded from the evidence before us, and have so held, that petitioner was engaged, in 1941, in the business of buying and *38 selling stocks as a market trader on his own account. See L. T. Alverson, 35 B.T.A. 482; Sam J. Reckford, 40 B.T.A. 900; Alice du Pont Ortiz, 42 B.T.A. 173; [3]Norbert H. Wiesler, 6 T.C. 1148; Dart v. Commissioner, 74 Fed. (2d) 845. 2. The second question is the principal issue before us. It is by no means new. It was last before us in Norbert H. Wiesler, supra, where we held, on the authority of Dart v. Commissioner, supra, and W. Hinckle Smith, 44 B.T.A. 104, that "amounts equivalent to dividends paid on account of stock borrowed to make short sales are deductible business expenses for a taxpayer in the business of stock trading". We noted there that Dart v. Commissioner, supra, *39 was cited with apparent approval by the Supreme Court of the United States in Deputy v. du Pont, 308 U.S. 488. In spite of the fact that contrary conclusions had been reached in Commissioner v. Levis' Estate, 127 Fed. (2d) 796, certiorari denied 317 U.S. 645; and Helvering v. Wilmington Trust Co., 124 Fed. (2d) 156, reversed on other grounds, 316 U.S. 164, we adhered to the rule announced in the Dart and Smith cases, supra. We therefore conclude that the respondent erred in disallowing the claimed deduction. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * * * * * * *↩
2. (2) Non-Trade or Non-Business Expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.↩
3. This case was reversed in 124 Fed. (2d) 156 by the Circuit Court of Appeals for the Third Circuit, speaking through Clark, J. The Circuit Court was, in turn, reversed by the Supreme Court, 316 U.S. 164↩. which, however, did not consider the question whether taxpayer was engaged in a business. With due deference to the Circuit Court, we adhere to our position on this question.