

The answer to this contention is, that in the authority cited, the suit was for infringement, based upon the right to exclude. Here the suit is rooted in contract, in the agreement to pay royalties upon each machine manufactured, and upon the 'equitable servitude raised thereby. See discussion in Talbot v. Quaker State Oil Ref. Co., 3 Cir., 104 F.2d 967.

The District Court did not consider whether the fact that Boa and Green appeared on the face of the patent as assignors affected any right of Kenyon under the contract. It was not necessary to decision on the record, that consideration be given to such fact, because the basis of appellant's suit was the contract of December 7, 1925, which related to a completed invention and the application for the patent was not made until July 15, 1927, or more than eighteen months later (after the contract was executed). There is nothing to indicate that either Boa or Green had any interest in Kenyon's invention at the time of the execution of the contract.

The decree will be reversed and the cause remanded for further proceedings not inconsistent herewith.

Charles Korn, of New York City (Jacob Rabkin and Mark H. Johnson, both of New York City, of counsel), for petitioner.

Sewall Key, Acting Asst. Atty. Gen., Lee A. Jackson and Louise Foster, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The facts are stated in the opinion of the Tax Court, 4 T.C. 1158, and need not be here repeated. The issue presented was whether the taxpayer was entitled under section 23(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(b), to deduct interest accrued within the taxable years on its outstanding debentures. The Tax Court denied deduction on the ground that the evidence did not show that "the debentures were, or were intended to be, evidences of indebtedness"; they were "more nearly like preferred stock than indebtedness." These conclusions are not within the scope of our judicial review. John Kelley Co. v. Commissioner, 326 U. S. 521, 698, 66 S.Ct. 299; Elliott-Lewis Co. v. Commissioner, 3 Cir., 154 F.2d 292. We may add, however, that, if the question were open to us, we should reach the same result as did the Tax Court.

Order affirmed.

**1432 BROADWAY CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 20, Docket 20234.**

Circuit Court of Appeals, Second Circuit.

March 27, 1947.

