Betty Klinger, formerly known as Miss Betty Fleischman v. Commissioner.
Klinger v. Commissioner
Docket No. 18315.
United States Tax Court
1949 Tax Ct. Memo LEXIS 164; 8 T.C.M. (CCH) 546; T.C.M. (RIA) 49132; June 2, 1949
*164 During 1944, petitioner sold "short" certain shares of stock, the shares to cover which, although purchased by petitioner in that year, were not delivered to the "lender" until 1945. While "short" of this stock, petitioner received $14,000 in dividends thereon, the amount of which, during 1944, she paid to the "lender" of the stock. Held: 1. She sustained no deductible short-term loss under section 117 (a)(3) or (b) of the Internal Revenue Code during 1944, and respondent did not err in denying her such a deduction. 2. Petitioner is entitled to deduct the amount of $14,000 as an ordinary business expense under Section 23 (a)(1)(A) of the Internal Revenue Code. Leo L. Brooks, Esq., for the petitioner. Clay C. Holmes, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, *165 Judge: The respondent determined a deficiency in income taxes against the petitioner for the calendar year ended December 31, 1944, in the amount of $12,126.08. This determination is based on the action of the respondent in disallowing a claimed short-term capital loss [1] resulting from a short sale of stock, which was made in the taxable year 1944, but the borrowed stock thus sold was not returned to the lender until 1945. The issues are: (1) whether the respondent erred in disallowing such loss in the taxable year 1944; and (2) if he did not thus err, is the petitioner entitled to deduct, as an ordinary business expense under section 23 (a)(1)(A) of the Internal Revenue Code, the sum of $14,000, dividends she received on the borrowed stock during the taxable year and the amount of which she paid during that year to the lender of the stock? [The Facts] The facts are found as stipulated. The petitioner filed her return for the year involved with the collector of internal revenue for the third district of New York. On July 21, 1944 petitioner, who was engaged *166 in the business of trading in stocks for her own account, sold "short" 700 shares of preferred stock in the Chicago & Northwestern Railroad Company, receiving from that sale the sum of $31,128.99. Thereafter, during 1944, and while still "short" of this stock, the petitioner received two dividends thereon, aggregating $14,000, which amount in that year she paid to the "lender" of her "short" stock. At the petitioner's direction, there were purchased for her account to cover this "short" stock 300 shares on December 29, 1944, and 400 shares on December 30, 1944, for which petitioner paid a total amount of $39,773.99. This stock, thus purchased, was delivered to the "lender" of the 700 shares on January 3, 1945. [Opinion] On her return for 1944 and in this proceeding petitioner claims the right to deduct, as a short-term capital loss under section 117 (a)(3) and (b) of the Internal Revenue Code, and Regulations 111, section 29.117-6, the difference between her cost of the "short" stock, to wit: $39,773.99 and its selling price, $31,128.99. That claim and its denial present the first issue. As argued by respondent, we think this issue has been decided adversely to petitioner in *167 Commissioner v. Levis' Estate, 127 Fed. (2d) 796; certiorari denied, 317 U.S. 645. See also Provost v. United States, 269 U.S. 443; H. S. Richardson v. Commissioner, 121 Fed. (2d) 1; certiorari denied, 314 U.S. 684. Respondent concedes on brief, and we again agree, he is concluded on the second issue. Norbert H. Wiesler, 6 T.C. 1148; affd., 161 Fed. (2d) 997; certiorari denied, 332 U.S. 842; F. A. Wilson, T.C. Memo. Op., Docket Nos. 110655 and 111428 [5 TCM 647]; affd. 163 Fed. (2d) 680; certiorari denied, 332 U.S. 842. Decision will be entered under Rule 50. Footnotes
1. Section 117 (a) (3) and (b), Internal Revenue Code↩; Regulations 111, section 29.117-6.