ESTATE OF FRANK ·MANN, BLANCHE M. HESSNER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15851.    Promulgated April 5, 1950.

*Benjamin Mahler, Esq.*, for the petitioner.
*Conway Kitchen, Esq.*, for the respondent.

## OPINION.

Van Fossan, *Judge*: The primary issue is whether or not the amounts of certain first mortgages on realty owned by decedent at his death are deductible in computing the decedent's net estate under section 812 (b) of the Internal Revenue Code.[1]

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

The decedent acquired title to seven parcels of real estate, each subject to a first mortgage issued for monetary consideration. Subsequently, the decedent paid the outstanding balance due on the seven mortgages and caused six of them to be assigned to his wife and one to his daughter Lillian. The wife and the daughter Lillian assigned the mortgages to the decedent, who then assigned all of the mortgages to his daughter Blanche. The decedent filed a Federal gift tax return reporting the seven mortgages as a gift to his daughter for the consideration of "love and affection" and paid a gift tax of $3,069 thereon.

Blanche M. Hessner, the decedent's daughter, executrix of his estate and petitioner herein, alleges error in the respondent's determination that the mortgages were not deductible from the decedent's gross estate, whi ch included the full value of the seven parcels of real estate.

The petitioner contends that, having been originally issued for monetary consideration by decedent's predecessor in title, the mortgages retained that status after payment by decedent, assigned to him, and, in turn, assignment to his daughter. In other words, the petitioner's argument is that the original consideration of money paid survived and serves to bring the assignments within the statute. The petitioner states in her brief that the requirement of consideration in money or money's worth "has no application to a mortgage on property included in his estate where the promise to pay was made by one other than decedent before the decedent acquired the property."

The petitioner would distinguish on the above stated ground the case of *Henry Adams Ashforth, Executor*, 30 B. T. A. 1306. In that case we held that, where decedent had issued a mortgage on property owned by her and gave the mortgage to her husband, the mortgage could not decrease the value of the gross estate, not having been contracted for adequate and full consideration in money or money's worth. We see no basic difference in that situation and the one before us. The whole meaning of the pertinent section of the code would be lost if the words "contracted bona fide" were considered to apply only to the original parties to the mortgage and to touch not at all its later assignee. There is no implication in section 812 (b) that permits such an obvious circumvention of the intent of the whole paragraph. The intent of Congress in enacting the subject section of the code was to refuse to allow the estate a deduction based on a

---

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

\* \* \* \* \* \* \*

(4) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, \* \* \*

\* \* \* The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth; \* \* \*

mortgage given without monetary consideration to a natural object of the decedent's bounty. If effect is to be given to the intent of section 812 (b), the requirement of monetary consideration can not be limited so as to apply to only the first holder of the mortgage. The record does not clearly reveal the purpose hidden behind the multiplex assignments of the mortgages. It is clear, however, that, whatever the purpose, the assignments were without consideration in money or money's worth.

The lack of realism in petitioner's approach and argument are at once apparent. The simple fact is that the mortgages had been paid and, notwithstanding the fact they had not been released of record, having been paid, they were not "unpaid mortgages." The same mortgage debt can not at one time be characterized both as "paid" and "unpaid." It seems to us that this simple fact is a complete answer to petitioner.

We hold that the mortgages assigned to the decedent's daughter are not deductible in computing the decedent's net estate. There is no need, therefore, to discuss the question of the merger of the realty and the mortgages, inasmuch as we disallow the deduction for the mortgages in any event.

A subordinate issue is whether or not the gift tax of $3,069 paid by the decedent on the gift of mortgages to his daughter should be allowed as a credit against the estate tax. The pertinent part of the Internal Revenue Code is section 813 (a) (2) (A), which, eliminating the impertinent parts, provides as follows for a credit against the basic estate tax:

SEC. 813. CREDITS AGAINST TAX.

(a) GIFT TAX.—

*    *    *    *    *    *    *

(2) REVENUE ACT OF 1932 OR CHAPTER 4.—

(A) If a tax has been paid * * * on a gift, and thereafter upon the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate * * * there shall be credited against the tax imposed * * * the amount of the tax paid * * *.

A similar provision is found in section 936 (b) (1), relating to a credit against the additional estate tax.

The respondent, in arguing that no credit should be allowed against the estate tax on account of the payment by decedent of the gift tax, points out that "first mortgages were claimed as *deductions* from the * * * gross estate" and that the "gift tax payment * * * is not allowable as a credit against the estate tax for the reason that the value of * * * [the] first mortgages was not *included* in the decedent's gross estate * * *."

The burden was on petitioner to demonstrate that the payment of gift tax made by decedent fits into the scheme and purpose of the

controlling act. This she has failed to do. We see no way, under the present facts, by which she can be allowed the credit claimed. Whether she can recover the payment in another forum is beyond our province to decide.

Reviewed by the Court.

*Decision will be entered under Rule 50.*