GERTRUDE ROSENBLATT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23719.   Promulgated January 17, 1951.

*Joseph M. Lobel, Esq.,* and *Carl S. Serling, C. P. A.,* for the petitioner.

*Graham Loving, Jr., Esq.,* for the respondent.

## OPINION.

BLACK, *Judge:* The sole issue herein is whether petitioner may deduct in her return for 1945 the amount of $3,327.41 debited to her account on the books of the Goldsmith Trust. The Goldsmith Trust (conceded by the parties to be a revocable trust) was created in 1938 by petitioner and the other former stockholders and bondholders of the F. & H. G. Corporation, by transferring to the trust all the assets of every kind owned by the stockholders, creditors and bondholders of F. & H. G. Included in the assets transferred to the trust were the claims against petitioner and the remaining bondholders for the indebtedness to F. & H. G. arising out of prior borrowings from F. & H. G. by petitioner and the other bondholders. Petitioner from 1935 on was indebted to F. & H. G., and later to the Goldsmith Trust as the assignee of F. & H. G.'s stockholders in an amount larger than the average indebtedness of all the other former stockholders and bondholders.

Pursuant to the terms of the trust, the trustee in 1945 debited petitioner's account with $3,327.41 and the other three former bondholders' accounts were credited with $1,109.13, $1,109.14, and $1,109.14 respectively. This debit to petitioner's account represented an interest adjustment attributable to petitioner's net indebtedness to the trust. Petitioner's distributive share of the Goldsmith Trust's income for the year 1945 as stated on the books of the trustee amounted to $7,848.39, which amount was included by her as income in her return for 1945.

Prior to the creation of the trust petitioner in 1935 entered into an agreement with the other three stockholders and bondholders of F. & H. G. whereby interest would be charged to each stockholder's account on the excess amount of his borrowings over the average stockholder's borrowings, and a credit would likewise be given the stockholder whose individual borrowings were under the average stockholder's borrowings. This was done because the parties were all equal stockholders and bondholders and therefore only the net difference in their accounts needed to be adjusted for interest. When the Goldsmith Trust was created in 1938 by transferring all of the assets of F. & H. G. to the trust, the provision relating to interest adjustments arising from the indebtedness to F. & H. G. was continued as part of the trust agreement. Although the interest adjustment under the trust agreement was computed on the average amount owed the former bondholders rather than on the average amount owed F. & H. G. (as under the July 25, 1935 agreement), the interest adjustment,

under the trust agreement results from petitioner's indebtedness to F. & H. G. The manner of computing the interest adjustment under the trust agreement only varied in form from the 1935 agreement.

Respondent argues that the claimed interest deduction represented interest to petitioner on something owed to her. We cannot agree with this. Each of the stockholders of F. & H. G. owned equal amounts of the stock and bonds of the corporation. If there had been no borrowings by the stockholders, or if the borrowings had been equal, all of the stockholders would have been entitled to an equal share in the assets of F. & H. G. upon dissolution. However, the borrowings were unequal, and therefore included in each stockholder's share of the assets of F. & H. G. was a one-fourth interest in the claim against each individual stockholder for his indebtedness to F. & H. G. The individual stockholder's one-fourth share in his own indebtedness would be cancelled out because an individual cannot be indebted to himself; however, petitioner being indebted in a larger amount than any of the other stockholders, these other three stockholders had an enforceable claim against petitioner which they transferred to the trust. This was an indebtedness of petitioner to the trust as assignee of F. & H. G.'s stockholders. The interest adjustment of $3,327.41 under the trust agreement therefore represents interest at 6 per cent on petitioner's indebtedness. This is especially true where, as here, the trust is a revocable trust and pursuant to respondent's regulations petitioner is required to report as income one-fourth of all the trust income as her income whether distributed or not (which petitioner concedes) and petitioner is "* * * allowed those deductions with respect to the corpus as he [she] would have been entitled to had the trust not been created." Regulations 111, section 29.116–1 (c). See *Hilbert L. Bair*, 16 T. C. 90, this day decided.

The $3,327.41 being interest on indebtedness, petitioner as a cash basis taxpayer, is entitled to deduct the amount claimed as a deduction if it was paid in the taxable year. *Massachusetts Mutual Life Ins. Co.* v. *United States*, 288 U. S. 269. When, as here, there are concurrent debits and credits to petitioner's account, the debits relating to interest are considered as payments by a cash basis taxpayer when the charges do not exceed the credits included in income. *Norbert H. Wiesler*, 6 T. C. 1148, affd., 161 Fed. (2d) 997, certiorari denied, 332 U. S. 842; *Rollin C. Reynolds*, 44 B. T. A. 342.

Petitioner's account with the trust having been credited in 1945 with $7,848.39 by the trustee, which amount of trust income is taxable to petitioner, she is entitled to deduct the $3,327.41 interest debited to her account by the trustee in 1945. This debit was in effect an actual payment of the interest and nothing more is required to entitle

petitioner to the deduction. It is just as an effective payment of interest as if petitioner had received a check from the trust for $7,848.39 income and then, in turn, had given the trust a check for $3,327.41 interest. Such mechanics were altogether unnecessary.

*Decision will be entered under Rule 50.*