OPINION. Van Fossan, Judge: Petitioners contend that the sums they advanced to Tiffany Park, Inc., represent loans and the loss upon liquidation of the corporation is a bad debt loss. Respondent determined that petitioners’ losses were capital losses subject to the provisions of section 117 of the Internal Revenue Code. Tiffany Park, Inc., was formed by petitioner Erard A. Matthiessen in order that he could keep separate his professional activities as an architect and the venture Tiffany was to undertake. Petitioner transferred unimproved real estate to the corporation in exchange for 60 shares of its $100 par value capital stock. Petitioner simultaneously advanced $20,000 to Tiffany, taking its unsecured promissory note, and with this money Tiffany proceeded with the erection of two buildings on the property. We have set out in our Findings of Fact, m detail, the list of subsequent advances made by petitioners to Tiffany, the use to which those advances were put and the ultimate dissolution of the corporation in 1941. There is no need to comment at length on the disproportionate relationship between Tiffany’s capital structure and the total of money advanced to the corporation by petitioners. It is obvious that the corporation was inadequately capitalized and that a comparison of the capital structure with the amount of advances is alone sufficient to support the conclusion that the money advanced by petitioners was at all times put at the risk of the business as capital. It is apparent from the nature of the operations to be conducted by Tiffany that it was never intended to stand on its own feet financially and operate without petitioners’ continuing supply of funds. Aside from the relationship of Tiffany’s capital to the amount of advances, the lack of any adequate security for the advances negatives completely petitioners’ insistence that they were bona fide loans and not capital contributions. The possibility is remote indeed that a disinterested lender of money would have made the initial unsecured loan of $20,000 to Tiffany in order to provide that corporation with the working capital necessary to embark on a speculative building project. It would be even more improbable that such a lender would continue to advance funds for a venture such as Tiffany which was'Showing an increasing deficit in every year. The petitioners’' self-serving statements that the advances were intended to be loans-bear little weight in the face of the other facts of record. Petitioners’" references to the interest paid on the notes does no more than point out that interest payments were made in only two years and that other interest accrued from time to time was never paid. There is nothing novel in the situation presented here. We have recently considered in the following cases the subject of inadequate-capitalization, holding that under the facts advances were capital contributions and not loans: Edward G. Janeway, 2 T. C. 197, affd., 147 F. 2d 602; Sam Schnitzer, 13 T. C. 43, affd., 183 F. 2d 70; Isidor Dobkin, 15 T. C. 31, on appeal, C. A. 2; Hilbert L. Bair, 16 T. C. 90. See, also, Harry Sackstein, 14 T. C. 556, holding that a taxpayer’s payments of a share of the losses of a corporation created to furnish a source for otherwise unattainable merchandise, were capital contributions and not taxpayer’s ordinary and necessary business-expenses. In Isidor Dob7cin, supra, we said: ******* When the organizers of a new enterprise arbitrarily designate as loans the major portion of the funds they lay out in order to get the business established and under way, a strong inference arises that the entire amount paid in is a contribution to the corporation’s capital and is placed at risk in the business. Cohen v. Commissioner, 148 Fed. (2d) 336; Joseph B. Thomas, 2 T. C. 193. The formal characterization as loans on the part of the controlling stockholders may be a relevant factor but it should not be permitted to obscure the true substance of the transaction. Sam Schnitzer, 13 T. C. 43, 60. The record made in this case falls far short of providing a valid distinction such as to merit our holding for petitioners on this issue. Respondent, therefore, did not err in his determination that petitioners’ advances to Tiffany Park, Inc., were contributions to the capital of that corporation and not loans. Decision will Toe entered for the respondent.