BAIR et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 5, Docket 22085.

United States Court of Appeals Second Circuit.

Argued Oct. 8, 1952.

Decided Nov. 7, 1952.

Julian H. Hyman, New York City, for petitioners.

Charles S. Lyon, Acting Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott and Maryhelen Wigle, Sp. Assts. to the Atty. Gen., for respondent. Argument for respondent was presented by Carlton Fox, Sp. Asst. to the Atty. Gen.

Before SWAN, Chief Judge, and L. HAND, Circuit Judge.

SWAN, Chief Judge.

This appeal involves the income tax liability for the year 1945 of the petitioners, husband and wife, who reported their income on a cash basis. There are two distinct issues, one concerning an interest item of $1,109.14 credited to Mrs. Bair on the books of the Goldsmith Trust, of which she was one of the settlors and beneficiaries, but not reported as income of the petitioners; the other concerning an item of $13,378.74 representing a loss sustained by Mr. Bair on the liquidation of a corporation and claimed as a bad debt deduction. Both issues were decided adversely to the taxpayers, resulting in the deficiency on review.

Without repeating the facts as found by the Tax Court and reported in 16 T.C. 90, we shall assume familiarity with them in our discussion. The Tax Court held the interest item includible in the taxpayers' gross income on two grounds, stated in 16 T.C. at pages 97–98 of the opinion as follows:

"Since the interest of $1,109.14 and the cash withdrawal of $9,000 were credited and debited to the same account, we hold that petitioner Ruth V. Bair received an actual payment of interest because a payment not allocated by the parties is treated as a payment, first of interest and then of principal. * * *

"Even though we find actual payment of interest here, there is an additional reason for including the interest in petitioner's income. Since the Goldsmith Trust is a revocable trust, for the purposes of taxation the trust entity is ignored and the income of the trust is included in the income of the grantors, section 166 Internal Revenue Code [26 U.S.C.A. § 166.] * * *"

With the first ground of decision we must respectfully disagree. The stipulation of facts states that the $9,000 payment received by Mrs. Bair "was charged to her capital account on the books of the trust." This would seem to mean that the trustee allocated the payment to capital; it makes of doubtful application at least, to put it no stronger, the rule that a payment not allocated by the parties is to be treated first as a payment of interest. But regardless of this consideration, we think the terms of the trust are such as to make it impossible to attribute any part of the $9,000 payment to the payment of interest on the indebtedness of the F. & H. G. Corporation to Mrs. Bair without imputing to the trustee an abuse of his powers under the trust. Paragraph IIC of the trust deed provides that the trustee "shall apply any income remaining after the aforementioned payments shall have been made, toward payment of the indebtedness, with interest, as hereinafter provided of the F. & H. G. Corp'n to its bondholders * * *." The "payments aforementioned" included those prescribed by Paragraph II(a) and (b), and the income of the trust in 1945 was not enough to pay them in full.

We agree with the Tax Court's second ground for including the interest item in Mrs. Bair's income. Her income account on the books of the trust was credited with interest of $1,109.14 and a like sum was charged against the income account of Gertrude Rosenblatt and used as a deduction in her income tax return.[1] Since the

---

1. See Gertrude Rosenblatt v. Commissioner, 16 T.C. 100.

trust was revocable, section 166 overrides any provision of the trust postponing payment of income and requires Mrs. Bair's share of the trust income to be included in computing her net income.

■ As to the husband's claimed deduction we think the Tax Court was also right. The question is whether the money he advanced to Hildegarde Realty Corporation was a loan or a capital contribution. If the latter, it was correctly held that he sustained a capital loss, only 50% of which was deductible, rather than a bad debt loss deductible in full. Whether the advances made by the two real estate speculators who were the corporation's only stockholders, were loans or contributions to capital is essentially a question of fact upon which the taxpayer has the burden of establishing his right to the claimed deduction. Matthiessen v. Commissioner, 2 Cir., 194 F.2d 659, 661. As we there said, quoting from Schnitzer v. Commissioner, 13 T.C. 43, "Bookkeeping, form, and the parties' expression of intent or character, the expectation of repayment, the relation of advances to stockholdings, and the adequacy of the corporate capital previously invested are among circumstances properly to be considered, for the parties' formal designation of the advances are not conclusive". In the light of the undisputed facts, we cannot reverse as clearly erroneous the Tax Court's finding that the large sums advanced to this fly-by-night corporation were actually contributions to capital.

Decision affirmed.