Joseph Verner REED and Permelia P. Reed, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 50, Docket 23880.

United States Court of Appeals Second Circuit.

Argued Jan. 17, 1957.

Decided March 15, 1957.

---

---

Robert M. Benjamin, New York City (Parker, Duryee, Benjamin, Zunino & Malone, Frank A. Zunino, Jr. and Sidney D. Rosoff, New York City, on the brief), for petitioners.

Sander W. Shapiro, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MEDINA and HINCKS, Circuit Judges, and LEIBELL, District Judge.

PER CURIAM.

The advances made by the taxpayer to the two corporations in which he was the dominant stockholder were in the form of loans and in all respects carried as such on the books of the corporations. Yet we are satisfied that on the evidence the Tax Court was warranted in finding that the advances were in fact not loans but capital contributions. For when the advances were made, the corporations had inadequate equity capital in relation to their businesses as then projected: indeed the amount paid in for capital stock was purely nominal. Bachrach v. Commissioner, 18 T.C. 479, affirmed 2 Cir.,

205 F.2d 151; Janeway v. Commissioner, 2 T.C. 197, affirmed 2 Cir., 147 F.2d 602; Dobkin v. Commissioner, 15 T.C. 31, affirmed 2 Cir., 192 F.2d 392; Bair v. Commissioner, 2 Cir., 199 F.2d 589. The stated interest rate carried by the notes covering the advances was nominal in view of the obviously speculative nature of the enterprises and even so no interest was ever paid. Bachrach v. Commissioner, supra. Cf. Talbot Mills v. Commissioner, 1 Cir., 146 F.2d 809, affirmed and reported sub nom. 326 U.S. 521, 66 S.Ct. 299, 90 L.Ed. 278. When one of the corporations was dissolved after sustaining heavy operating losses, the taxpayer was its only listed creditor: apparently his claim had been treated as subordinate to those of outsiders. Cf. Talbot Mills v. Commissioner, supra. The notes given by the other corporation were not enforced at their stated maturity date although the corporation was operating at a loss. Matthiessen v. Commissioner, 2 Cir., 194 F.2d 659; Janeway v. Commissioner, supra.

It is true that the advances made by the taxpayer were not proportionate to his stock holdings,—a condition which, if present, often affords cumulative support for a finding that the advances constituted contributions of risk capital. But here the amounts paid in for capital stock were so small as to be purely nominal and the taxpayer's contribution in cash was balanced by highly skilled services contributed by other stockholders. In such a case, neither reason nor authority requires that for purposes of federal tax law advances by a stockholder shall constitute risk capital only if contributed in proportion to existing stock holdings.

We cannot say that the other incidents of the transactions did not warrant the inference reached, viz., that the advances were contributions of risk capital and were so intended by the parties to the transactions. Sam Schnitzer, 13 T.C. 43, 60, affirmed 9 Cir., 183 F.2d 70, certiorari denied 340 U.S. 911, 71 S.Ct. 291, 95 L.Ed. 658; cf. 1432 Broadway Corp., 4 T.C. 1158, 1165, affirmed 2 Cir., 160 F. 2d 885.

Affirmed.