GLADYS G. TERBELL, JOSEPH B. TERBELL, JR., AND THOMAS G. TERBELL, AS EXECUTORS OF THE ESTATE OF JOSEPH B. TERBELL, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62791. Promulgated September 20, 1933.

*John B. Nash, Esq.*, and *Paul B. Peyton, Esq.*, for the petitioners. *B. M. Coon, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent has determined a deficiency in income tax for the year 1929 in the amount of $5,435.98. The deficiency arises primarily by reason of the disallowance of a deduction of $22,500 which petitioners assert should be allowed either as " interest paid " or as an " ordinary and necessary expense of carrying on a trade or business." The facts have been stipulated and the stipulation is incorporated herein by reference.

It appears that on or about October 4, 1928, Joseph B. Terbell, now deceased, sold short on the market 9,000 shares of Bucyrus Erie Co. convertible preference stock. As a part of this transaction and in order to make delivery of the said stock he borrowed an equal number of shares and delivered them to the purchaser. There was no covering purchase in 1928 or 1929 or at any other time prior to decedent's death on April 15, 1931. During the year 1929 cash dividends in the amount of $22,500 were declared and paid to the stockholders of record of said 9,000 shares of Bucyrus Erie Co. convertible preference stock, who were either decedent's vendees or purchasers of the shares from those vendees. As a part of decedent's contract in borrowing the 9,000 shares, he had obligated himself to pay to the lender a sum equal to the dividends declared and paid during the year, which obligation he discharged, and it is this amount that petitioners seek to deduct.

It is respondent's view that the amount of $22,500 may not be deducted either as interest or as an ordinary and necessary expense, but that it is an item of cost to be taken into consideration when the transaction is finally completed by a covering purchase. I.T. 1764, C.B. II-2, p. 22; S.M. 4281, C.B. IV-2, p. 187. We find no authority holding to the contrary and petitioners call our attention to none. It is clear that the sum of $22,500 paid the lender of the stock was not interest *per se*, and the petitioners do not seriously contend that it is. Nor can the sum paid be regarded as an ordinary and necessary expense of carrying on a trade or business. We have only the stipulated facts and there is no suggestion in those facts that the decedent was engaged in the business of making short sales or in dealing in securities generally.

Respondent's action in disallowing the deduction is in accordance with his consistent practice of many years standing. We are not persuaded that it is wrong.

*Decision will be entered for the respondent.*