W. HINCKLE SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 93663, 102884.   Promulgated April 8, 1941.

*William R. Spofford, Esq.*, and *Charles S. Jacobs, Esq.*, for the petitioner.

*Brooks Fullerton, Esq.*, for the respondent.

---

[2] *Denman* v. *Brumback,* 58 Fed. (2d) 128; *Rhodes* v. *Commissioner,* 100 Fed. (2d) 966; *W. W. Hoffman,* 40 B. T. A. 459; affd., 117 Fed. (2d) 987.

OPINION.

SMITH: These proceedings, consolidated for hearing, involve income tax deficiencies for the years 1934 to 1937, inclusive, as follows:

| Docket No. | Year | Deficiency |
|---|---|---|
| 93663 | 1934 | $447. 52 |
| | 1935 | 665. 09 |
| 102884 | 1936 | 5, 943. 82 |
| | 1937 | 29, 938. 71 |

The only question in issue, which is common to all of the years involved, is whether the petitioner is entitled to deduct the dividends paid on shares of stock which he had sold short and which were carried in his short accounts with brokers during those years. The proceedings were submitted on a written stipulation of facts, which reads in part as follows:

1. Petitioner is an individual residing at Roberts and Ithan Avenues, Bryn Mawr, Pennsylvania, and maintaining an office at 2314 Girard Trust Building, Philadelphia, Pennsylvania. The returns for the periods here involved were filed with the Collector of Internal Revenue for the First District of Pennsylvania.

2. During the years 1934, 1935, 1936 and 1937 petitioner was engaged in the business of buying and selling securities for his own account and all shares of Kennecott Copper Company sold ."short", as hereinafter set forth, were sold in the normal course of such business.

3. During the years 1934, 1935, 1936 and 1937, petitioner maintained a brokerage account with Hayden, Stone & Co., known as No. 3 Account, and a brokerage account with Wurts, Dulles & Co., known as No. 11 Account.

4. Prior to January 1, 1934, petitioner sold certain shares of Kennecott Copper Company "short", and during the years 1934, 1935, 1936 and 1937, petitioner was "short" 9,000 shares of Kennecott Copper Company stock in his No. 3 Account. During the years 1934, 1935, 1936 and 1937, petitioner was "short" shares of Kennecott Copper Company stock in his No. 11 Account, varying from 14,450 shares on January 1, 1934, to 7,768 shares on December 31, 1937. * * *

It is further stipulated that during the years 1934 to 1937, inclusive, petitioner was credited with interest on an amount equal to the current value of the 9,000 short shares in his No. 3 account, and likewise was credited with interest on the proceeds from the shares sold short in his No. 11 account. The aggregate amounts of these credits for interest in the years involved were as follows:

| | |
|---|---|
| 1934 | $38, 767. 67 |
| 1935 | 37, 402. 68 |
| 1936 | 33, 905. 93 |
| 1937 | 31, 579. 11 |

Petitioner treated the above amounts of interest as taxable income for the years in which they were credited to his accounts and in his income tax returns for those years claimed the amounts thus credited

as an offset against the deduction which he claimed for interest paid to his brokers.

In order for the petitioner to receive the credit interest referred to above it was necessary for him to pay, and he did pay, to his brokers the following amounts, in lieu of dividends on the shares sold short:

| | |
|---|---|
| 1934 | $10,552.50 |
| 1935 | 14,742.50 |
| 1936 | 31,460.30 |
| 1937 | 58,688.00 |

The amounts so paid as "short" dividends were claimed as deductions by the petitioner in his returns for those years.

During the years 1934 to 1937, inclusive, the petitioner was "long" a greater number of shares of Kennecott Copper Co. stock than he was "short" of such shares. The dividends received from the long shares, which were at the same rate as the dividends charged on his short shares, were included in taxable income.

The respondent in his deficiency notices disallowed the deduction of the short dividends on the ground that such dividends represented additional cost of covering the short sales.

In his brief the respondent abandons the position taken in his deficiency notice, that the short dividends represented an additional cost of covering the sales, and contends that the petitioner is not entitled to the deduction of the short dividends because he was:

* * * merely an investor of his personal funds and was not carrying on any trade or business within the statutory concept of these terms permitting deductions of ordinary and necessary expenses paid or incurred in carrying on a trade or business. * * *

In support of this contention the respondent relies upon *Deputy* v. *du Pont*, 308 U. S. 488; *Higgins* v. *Commissioner* (C. C. A., 2d Cir.), 111 Fed. (2d) 795; affd., 312 U. S. 212; and *Henry F. du Pont*, 38 B. T. A. 1317; affd. (C. C. A., 3d Cir.), 110 Fed. (2d) 641.

In *Deputy* v. *du Pont, supra,* the Court held that the dividends paid on shares of stock which the taxpayer had sold short were not deductible as an ordinary and necessary business expense because the taxpayer was not engaged in the business of trading in securities. However, the Court cited with approval *Dart* v. *Commissioner* (C. C. A., 4th Cir.), 74 Fed. (2d) 845, where the deduction of such short dividends was allowed taxpayers who were engaged in the business of buying and selling securities, saying in its opinion:

* * * Thus, it has been held that one who was an active trader in securities might take as deductions carrying charges on short sales since selling short was common in that business.[9] But the carrying charges on respondent's short sale in this case cannot be accorded the same privilege under § 23 (a). The record does not show that respondent was in the business of trading in securities. * * *

The footnote reads as follows:

⁹ *Dart* v. *Commissioner*, 4 Cir., 74 F. 2d 845. Cf. *Terbell* v. *Commissioner*, 29 B. T. A. 44, affirmed, 2 Cir., 71 F. 2d 1017, where such carrying charges were disallowed as deductions. The Board of Tax Appeals said, 29 B. T. A. at page 45, "We have only the stipulated facts and there is no suggestion in those facts that the decedent was engaged in the business of making short sales or in dealing in securities generally."

In paragraph 2 of the "Agreed Statement of Facts" on which these proceedings were submitted, it is stipulated that:

2. During the years 1934, 1935, 1936 and 1937 petitioner was engaged in the business of buying and selling securities for his own account and all shares of Kennecott Copper Company sold "short", as hereinafter set forth, were sold in the normal course of such business.

This stipulation of facts is conclusive against the respondent in his contention that the petitioner was not engaged in a business of buying and selling securities (albeit for his "own account"). Moreover, the stipulation gives to the petitioner precisely the status which the Court said in *Deputy* v. *du Pont*, *supra*, would entitle him to the deduction of the short dividends, that is, the status of a trader in securities.

*Higgins* v. *Commissioner*, *supra*, lends no support to the respondent's position in these proceedings. The court there found, as a basis for its disallowance of the deduction of expenses incurred in the management of a portion of the taxpayer's estate consisting of "stocks and bonds", that with respect to that portion of his estate the taxpayer was not engaged in carrying on a business.

Again, in *Henry F. du Pont*, *supra*, where the deduction of short dividends was disallowed, we said: "The evidence shows that the petitioner was not a broker nor engaged in a business of buying and selling securities."

The question of whether the petitioner here was engaged in a business of trading in securities is a question of fact. Since it is stipulated that the petitioner was so engaged and since there is no evidence of record to the contrary (see *William Ernest Seatree*, 25 B. T. A. 396; affd., 72 Fed. (2d) 67), we are bound by the stipulation.

We hold accordingly that the petitioner, being engaged in the business of buying and selling securities during all of the taxable years involved, is entitled to deduct as ordinary and necessary business expenses the short dividends which he paid to his brokers in those years.

*Decisions will be entered under Rule 50.*