## SPRECKELS v. COMMISSIONER OF INTERNAL REVENUE.

Nos. 581 and 582. Argued March 4, 5, 1942.—Decided March 16, 1942.

*Messrs. Thomas M. Wilkins* and *Walter Slack* for petitioner.

*Mr. Arnold Raum,* with whom *Solicitor General Fahy, Assistant Attorney General Clark,* and *Messrs. J. Louis Monarch* and *Morton K. Rothschild* were on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

During 1934 and 1935, the petitioner bought and sold stocks, bonds, and commodities. In connection with the sales, he paid selling commissions to brokers, and in his books these commissions were deducted from selling price before net profit or loss was determined. In his income tax returns for 1934 and 1935, he treated the commissions

similarly, not making deductions for them as ordinary and necessary business expenses. In 1939, however, in the course of proceedings before the Board of Tax Appeals,[1] the petitioner asserted that he was entitled to tax-refunds, for the reason that his failure to make deductions for the commissions had resulted in overpayment in both years. The Board sustained his contention in part, holding that the selling commissions could properly have been deducted as ordinary and necessary business expenses, that the refund claimed for 1935 should be allowed, but that the refund claimed for 1934 was barred by the applicable statute of limitations. 41 B. T. A. 1204. The Circuit Court of Appeals reversed, holding that the claimed deductions for selling commissions were not permissible, and finding it unnecessary therefore to determine whether the refund claim for 1934 was timely. 119 F. 2d 667. Because of a conflict in decisions of Circuit Courts of Appeal,[2] we granted certiorari to consider the question: Are sales commissions, paid by a taxpayer engaged in the business of buying and selling securities,[3] deductible as ordinary and necessary expenses under § 23 (a) of the Revenue Act of 1934,[4] or are they to be treated as offsets against selling

---

[1] These proceedings had been initiated in connection with other issues, not relevant here.

[2] With the decision below and *Commissioner* v. *Covington,* 120 F. 2d 768 (C. C. A. 5), compare *Winmill* v. *Commissioner,* 93 F. 2d 494 (C. C. A. 2), and *Neuberger* v. *Commissioner,* 104 F. 2d 649 (C. C. A. 2).

[3] Although the petitioner alleges that some of the commissions were paid on sales of commodities, it does not appear from the record that the petitioner asked for separate treatment of these commissions before either the Board of Tax Appeals or the Circuit Court of Appeals. Nor was such separate treatment requested before this Court.

[4] 48 Stat. 680, 688. The statute provides:

"In computing net income there shall be allowed as deductions:

"(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. . . ."

price, relevant only to the determination of capital losses or gains?

In *Helvering* v. *Winmill*, 305 U. S. 79, we held that a taxpayer who bought and sold securities could not deduct the commissions paid on his *purchases* as a business expense. Although the *Winmill* case arose under the Revenue Act of 1932, the statutory provisions and regulations there relevant are identical with those again in controversy here. And the conclusion we reached there—that a general regulation[5] designating "commissions" as one of a long list of deductible business expenses is not controlling in the face of a specific regulation pertaining to commissions on securities transactions—is equally applicable here.

The specific regulation pertaining to securities transactions provides:

"Commissions paid in purchasing securities are a part of the cost price of such securities. Commissions paid in selling securities, when such commissions are not an ordinary and necessary business expense, are an offset against the selling price. . . ."[6]

If there is any justification for treating sales commissions differently from purchase commissions, it must depend upon the significance of the clause "when such commissions are not an ordinary and necessary business expense." This clause first appeared in Treasury Regulations 77, accompanying the Revenue Act of 1932. In the income tax regulations prior to that time, it was consistently prescribed that commissions paid on purchases and sales of

---

[5] "Among the items included in business expenses are . . . commissions . . . advertising and other selling expenses . . ." Article 121 of Treasury Regulations 77, under the Revenue Act of 1932; Article 23(a)-1 of Treasury Regulations 86, under the Revenue Act of 1934.

[6] Article 282 of Treasury Regulations 77, under the Revenue Act of 1932; Article 24-2 of Regulations 86, under the Revenue Act of 1934.

securities were to be treated as part of the cost or selling price and were not otherwise to be deductible.[7] And in *Helvering* v. *Union Pacific Co.*, 293 U. S. 282, 286, this Court expressly recognized that such commissions have been "consistently treated . . . not as items of current expense, but as additions to the cost of the property or deductions from the proceeds of sale."

What, then, is the significance of the qualifying clause first appearing in the Regulations of 1932, and what effect is to be given to it? Prior to the formal adoption of the Regulations of 1932, the Commissioner of Internal Revenue permitted one exception to what appears to have been an otherwise uniform practise of treating commissions on the sales of securities as mere offsets against selling price. This exception was made in the case of the dealer in securities, one who "as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom."[8] It reflects the view that there are practical considerations of accounting convenience which make it as difficult for such dealers, in many instances, to set commissions off against the proceeds of individual sales as it would be for the merchant of other wares to treat his selling expenses only as a series of subtractions from the selling price realized on particular items of his stock.[9] Incorporation of the clause "when such commissions are not an ordinary and necessary business expense" was intended to provide formal recognition for an established business usage, based on the peculiar

---

[7] See, *e. g.*, Article 8, par. 10 of Treasury Regulations 33, Revised, under the Revenue Act of 1916; Article 293 of Treasury Regulations 45, under the Revenue Act of 1918.

[8] See Article 22(c)-5 of Treasury Regulations 86, under the Revenue Act of 1934.

[9] See Bureau of Internal Revenue, G. C. M. 15430, XIV-2 Cum. Bull. 59 (1935).

necessities of securities dealers, a usage to which the Commissioner had already given informal acquiescence.[10]   For the casual buyer and seller of securities, or even for the large scale trader on his own account, as here, the practical obstacles to treating sales commissions as offsets against selling price do not exist.   In this very case, for example, the taxpayer apparently found it more convenient to follow this method in keeping his own business records.

We therefore conclude that the clause "when such commissions are not an ordinary and necessary business expense" was intended to be and is controlling only in the case of securities dealers.[11]   In the case of a trader on his own account where there are no compelling practical grounds for treating sales commissions as such an expense, we find no persuasive reason for distinguishing, under the statute and regulations, between sales commissions like those before us and purchase commissions like those of the *Winmill* case.   The judgment of the court below is accordingly

*Affirmed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

---

[10] *Ibid.*

[11] As the Government points out in its brief, a dealer's tax liability under the Revenue Acts of 1932 and 1934 would ordinarily have been the same whether the commissions he paid on sales were treated as deductible business expenses or offsets against selling price.   For in general, his gains or losses would not have been capital gains or losses as defined in those acts.   See § 101 (c) (8) of the Revenue Act of 1932, 47 Stat. 169, 192; § 117 (b) of the Revenue Act of 1934, 48 Stat. 680, 714.