**COMMISSIONER OF INTERNAL REVENUE v. LEVIS' ESTATE et al.**
(two cases).
Nos. 97, 98.

Circuit Court of Appeals, Second Circuit.

May 5, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Joseph M. Jones, Sp. Assts. to the Atty. Gen., for petitioner.

Ralph Royall, of New York City (Hoch Reid, of New York City, of counsel), for respondents.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

During the taxable years in suit Carl Levis, now deceased, was a member of the New York Stock Exchange and was actively engaged in the business of buying and selling securities for his own account. He made a number of short sales in connection with which he borrowed shares of stock for delivery, and agreed to pay the lender the amount of all dividends paid on such shares until the borrowed shares were returned. In some cases, he also paid the lender a premium for the loan of the shares. In the year 1936 he paid commissions to other brokers on sales of stock. The commissioner determined deficiencies which the Board expunged, ruling that under section 23(a) of the applicable Revenue Acts, 26 U.S.C.A. Int.Rev.Acts, pages 671, 827, Levis was entitled to deduct as ordinary and necessary expenses of his business (1) the amounts representing dividends paid by him on borrowed stock, (2) the premiums paid for the loan of borrowed stock, and (3) the commissions paid to other brokers on sales of stock. The commissioner's petition challenges the correctness of the Board's ruling as to each type of expenditure.

At the suggestion of the parties decision by this court has been delayed to await determination by the Supreme Court of two cases which were expected to settle the controversy. Spreckels v. Helvering, 315 U.S. ——, 62 S.Ct. 777, 86 L.Ed. ——, decided March 16, 1942, has disposed of one of the disputed questions in favor of the commissioner. There it was held that selling commissions, like commissions on pur-

chases (Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52), are to be regarded as capital items rather than ordinary and necessary business expenses, even when the taxpayer is a large scale trader engaged in the business of buying and selling securities on his own account.

There remained the question of how to deal with dividends and premiums paid to lenders of stock sold short by the taxpayer, and it was supposed that this would be settled by the decision of Wilmington Trust Co. v. Helvering, 316 U.S. ——, 62 S.Ct. 984, 86 L.Ed. ——, then pending in the Supreme Court. This decision, handed down April 27, 1942, reversed Helvering v. Wilmington Trust Co., 3 Cir., 124 F.2d 156, at page 160, in which the Circuit Court of Appeals had said: "The dividend charges on the short stock were in the nature of capital expenditures and may not be deducted until the taxpayer covers the short sale. When the transaction is thus completed the dividends may be added to her cost basis." But the Supreme Court's reversal does not appear to touch the principle thus enunciated. The opinion of Mr. Justice Douglas states that the sole question is whether certain sales of stock by the taxpayer were "short" sales or sales of "long" stock, and the granting of the petition of certiorari was limited to this issue. If they were not "short" sales then the taxpayer was justified in deducting from dividends credited to the "long" shares the amount of dividends charged to the shares sold. The Board of Tax Appeals had found that the sales made through the "short" account were sales of shares held in the taxpayer's "long" account, and it therefore held that the dividends charged to the "short" account should be offset against the dividend credits. Ortiz v. Commissioner, 42 B.T.A. 173. The Circuit Court of Appeals reversed the Board by overturning its finding of fact that the sales in question were "ordinary sales" of shares held in the taxpayer's long accounts, and the court's decision was in turn reversed because of its failure to accept the findings of the Board which were supported by substantial evidence. Consequently we cannot read Wilmington Trust Co. v. Helvering, 316 U.S. ——, 62 S.Ct. 984, 86 L.Ed. ——, as determining that a trader in securities on his own account may deduct as an ordinary business expense the amount of interim dividends paid to lenders of stock borrowed for delivery on short sales.

■ If, as we think, the question is open, it seems clear to us that amounts paid to the lender of borrowed stock, whether as dividends or as premiums, are items of a capital nature, as much as are commissions paid to brokers on sales or purchases. The mechanics of a completed short sale transaction are well explained in Provost v. United States, 269 U.S. 443, 453, 46 S.Ct. 152, 70 L.Ed. 352. Upon a short sale no gain or loss can be realized by the seller until the transaction is closed by a covering purchase and a settlement with the lender of the borrowed stock. What is paid to the lender for use of the borrowed stock should be regarded as an expense of selling and an offset against the price received, as truly as is a selling commission paid to the broker. For many years the regulations have declared that "commissions paid in selling securities are an offset against the selling price." See G.C.M. 15430, XIV-2 Cam.Bull. 59 (1935). It is true that in the case of a "dealer" in securities such commissions may be considered an ordinary and necessary business expense, but this is only because as a matter of accounting it would be exceedingly difficult for a "dealer" to set commissions off against the proceeds of individual sales. See Spreckels v. Helvering, 315 U.S. ——, 62 S.Ct. 777, 86 L.Ed. ——. No reason is apparent why expenses incurred in borrowing stock incident to selling short should not be treated the same as selling commissions. The Board so ruled in Terbell v. Commissioner, 29 B.T.A. 44, affirmed without opinion in 2 Cir., 71 F.2d 1017. There, to be sure, the short sale was not made by an active "trader"; while in Dart v. Commissioner, 4 Cir., 74 F.2d 845, where the seller was a trader, a different result obtained. The Dart case was cited in Deputy v. Du Pont, 308 U.S. 488, 495, 60 S.Ct. 363, 84 L.Ed. 416, and the Board relied upon that fact in rendering the decision at bar; but we do not regard such reference by the Supreme Court as an authoritative approval that an active trader in securities may take as ordinary business deductions his carrying charges on short sales. In our opinion, for reasons already stated, such special treatment is accorded only to a "dealer" in securities. Accordingly the orders of the Board are reversed.