## COMMISSIONER OF INTERNAL REVENUE v. WILSON.

### No. 11517.

Circuit Court of Appeals, Ninth Circuit.

Sept. 15, 1947.

Writ of Certiorari Denied Dec. 15, 1947.

See 68 S.Ct. 263.

Sewall Key, Acting Asst. Atty. Gen., and Robert N. Anderson, S. Walter Shine, and Fred Youngman, Sp. Assts. to Atty. Gen., for petitioner.

George M. Naus, of San Francisco, Cal., for respondent.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

The Commissioner of Internal Revenue petitions for review of the decision of the Tax Court in the above case. Petitioner contends that the Court erred in allowing as expenses dividends paid on stocks in which the respondent had a short position. The facts were presented by stipulation which were adopted as findings and are as follows:

Respondent throughout the taxable years 1938, 1939 and 1940 was engaged as a trader in the business of dealing in securities on his own account. He made many short sales of securities, and was continuously in a short position as a trader. He paid as dividends on stock which he had sold short $19,242.62 in 1938, $23,557.34 in 1939 and $28,044.69 in 1940.

The mechanics of short sales, such as those involved here, were described by the Supreme Court in Provost v. United States, 269 U. S. 443, 450-452, 46 S.Ct. 152, 70 L.Ed. 352. The short seller sells securities which he does not then own and which, therefore, are not available for immediate delivery. But the rules of the stock exchange require delivery of stock to the purchaser on the next business day following the sale. To comply with this requirement, the short seller must arrange to borrow an equal number of shares, usually from a broker, and these shares he delivers to the purchaser. The short seller deposits with the lender the full market price of the borrowed shares and until the shares are returned, he maintains a deposit equal to the value of such shares with the lender, usually receiving interest on the deposit. The short seller having delivered the borrowed stock to the purchaser remains under an obligation to

return to the lender a like amount of the same stock. The "short" sale transaction is not completed until the short seller purchases the stock of which he was short at the time the sale was made and delivers such purchased stock to the lender. During the period that the seller is "short" he is bound by the loan contract to give the lender all of the benefits which the lender would have received if he had retained the stock. Thus, where, as in the present case, dividends are declared on the stock, the short seller must pay to the lender an amount equivalent to such dividends.

The Tax Court held that the taxpayer was entitled to deduct the amounts so paid as dividends as business expenses in the years paid. The Commissioner contends that the payments must be added to the cost basis of the shares purchased to cover the securities which were sold short and that they were not deductible as business expenses.

The sole question in this case is whether dividend charges paid by the taxpayer on borrowed stock sold "short" constitute a part of the basis of the stock purchased to cover the short sales, as maintained by the Commissioner, or constitute a deductible ordinary and business expense, as maintained by the taxpayer.

The statutes involved are noted in the margin: [1]

Petitioner contends that the decision of the Tax Court allowing the deduction of the dividend payments as business expenses under Section 23(a), supra, cannot be reconciled with the decision of the Supreme Court in Helvering v. Winmill, 305 U. S. 79, 59 S.Ct. 45, 83 L.Ed. 52 and Spreckels

v. Helvering, 315 U. S. 626, 62 S.Ct. 777, 86 L.Ed. 1073. These cases did not involve payments on account of dividends but were restricted to the question of commissions only. Both cases held that *selling commissions, like commissions on purchases, are* to be regarded as capital items rather than ordinary and necessary business expenses. It is noted that these decisions were bottomed upon a Treasury regulation which provided that commissions paid in purchasing securities are to be added to the cost price of such securities and that commissions paid in selling securities are to be deducted from the selling price.

In Spreckels v. Commissioner, at page 628, of 315 U.S., at page 778 of 62 S.Ct., 86 L.Ed. 1073, the court said:

"In Helvering v. Winmill, 305 U. S. 79, 59 S.Ct. 45, 83 L.Ed. 52, we held that a taxpayer who bought and sold securities could not deduct the commissions paid on his *purchases* as a business expense. Although the Winmill case arose under the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 482, et seq., the statutory provisions and regulations there relevant are identical with those again in controversy here. And the conclusion we reached there —that a general regulation designating 'commissions' as one of a long list of deductible business expenses is not controlling in the face of a specific regulation pertaining to commissions on securities transactions— is equally applicable here."

We offer no criticism of the opinions in these two cases: we simply do not find them applicable to the case before us. We call attention, moreover, that here there is no Treasury regulation by which we may be

---

[1] Internal Revenue Code, 26 U.S.C.A. "Sec. 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

"(a) [as amended by Sec. 121 (a) and (d), of the Revenue Act of 1942, c. 619, 56 Stat. 798] Expenses.
      *     *     *     *     *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

*     *     *     *     *

"(g) Capital Losses.

"(1) Limitation. Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117.

"Sec. 117. Capital gains and losses.
* * *

"(g) Gains and losses from short sales, etc. For the purpose of this chapter—

"(1) gains or losses from short sales of property shall be considered as gains or losses from sales or exchanges of capital assets; and * * *."

guided in defining or classifying dividend payments in short sales contracts.

The distinction between the above cases and the case before us is in the nature of the transaction involved.

A "short" sale of stock, such as we have in the present case, entails a *borrower* and a *lender* of stock, the borrower being the debtor to the lender. As heretofore stated, for any period during which the shares borrowed by the short dealer have not been replaced with the lender, the contract provides that the lender must be reimbursed in an amount equivalent to the dividends declared on the stock loaned while the lender is out of possession. See Provost v. United States, supra, 269 U. S. 443, 450, 452, 46 S.Ct. 152, 70 L.Ed. 352.

Here the payments under discussion, which were made by the the borrower to the lender, reflect amounts representing the equivalent of the dividends declared on the borrowed stock, during the time that the borrowed shares were not replaced. This closely resembles the payment of interest on a business loan which has been held to be deductible under Section 23(a) Internal Revenue Code, supra, as a business expense.

It has been said that the designation as "interest" of an amount paid or accrued during the taxable year is contingent upon its having some relationship to indebtedness. Commissioner of Internal Revenue v. Park, 38 B. T. A. 1118, affirmed 3 Cir., 113 F.2d 352.

"Indebtedness" as used in the revenue acts has been defined as something owed in money which one is unconditionally obligated or bound to pay, the payment of which is enforceable. Gilman v. Commissioner of Internal Revenue, 18 B. T. A. 1277, affirmed 8 Cir., 53 F.2d 47, 80 A.L.R. 209. The payment of the dividend here represents a sum of money unconditionally owed by the borrower to the lender of stock; it arises out of the relationship of debtor and creditor and is a customary expense in a "short" sale incident to obtaining and using the stock. It is ordinary and necessary in this type of transaction.

Petitioner makes the same argument in this case as was made in the case of Dart v. Commissioner of Internal Revenue, 4 Cir., 74 F.2d 845, 847, reversing 29 B. T. A. 125, to the effect that the expenditure of the amount equal to the dividend is in the nature of a capital expenditure and adds to the value of the stock when purchased to close the "short" transaction. In refuting this argument, the Court in the Dart case said, 4 Cir., 74 F.2d at page 847:

"We do not see how any value could be added to something which is not in existence. The 'short' seller owns no stock, and has none of the rights of a stockholder because of the borrowed stock. As was said by the Supreme Court in the case of Provost v. United States, supra: '* * * Neither the lender nor the borrower retains any interest in the stock which the subject matter of the transaction and which has passed to and become the property of the purchaser. Neither the borrower nor the lender has the status of a stockholder of the corporation whose stock was dealt in, nor any legal relationship to it. * * *

"The amount paid out in the 'short' transaction can in no way add to the value of stock which the taxpayer does not possess at the time of the payment, and in no way benefits him when he ultimately purchases the stock to close the transaction. The expenditure is one made solely for the purpose of continuing to hold the borrowed stock and is not an incident to ownership but an expense paid in order to maintain the taxpayer's position in the market with respect to that particular transaction."

We note that a conflict exists between the rulings in the case of Dart v. Commissioner of Internal Revenue supra, with which this court agrees, and the cases of Helvering v. Wilmington Trust Co. 3 Cir., 124 F.2d 156, reversed 316 U. S. 164, 62 S.Ct. 984, 86 L.Ed. 1352 and Commissioner of Internal Revenue v. Levis' Estate, 2 Cir., 127 F.2d 796, 142 A.L.R. 1146, which are contra. However, we do not find sufficient basis or facts to warrant a change in the decision of the Tax Court. Moreover, we are of the opinion that this case is one peculiarly within the authority of the Tax Court and a proper case to apply the case of Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, 246, 88 L.Ed.

248, in which Mr. Justice Jackson, for a unanimous Court, laid down the principle that a decision of the Tax Court should be upheld if it has " 'warrant in the record' and a reasonable basis in the law". Of like opinion is the Sixth Circuit in Commissioner of Internal Revenue v. Wiesler 161 F.2d 997, cited by the Tax Court, 6 T. C. 1148.

Affirmed.