Louis E. Wakelee and Lillie E. Wakelee, Husband and Wife, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 28411. Promulgated October 31, 1951.

*Leonhard A. Keyes, Esq.*, for the petitioners.
*Robert Margolis, Esq.*, for the respondent.

**OPINION.**

OPPER, *Judge:* That petitioner's arrangement with Mrs. Taylor was entered into "for the production or collection of income" [1] cannot be doubted. See *58th Street Plaza Theatre, Inc.,* (*Leo Brecher*), 16 T. C. 469, 477. He became entitled to all of the dividends and a quarter of the capital gains arising from the securities covered by the agreement, benefits which were clearly income to him and were so dealt with by him. That he was required under the agreement to pay Mrs. Taylor an annual percentage on the money put up by her may not have been "ordinary" in the sense of "usual" or "frequent." But it is not so different from other situations as to be considered unlike recognized business transactions and thus outside the scope of the deduction section. See *Carl Hess,* 7 T. C. 333 (guarantee against loss) ; *Norbert H. Wiesler,* 6 T. C. 1148, affd. (C. A. 6) 161 F. 2d 997; *Commissioner* v. *Wilson* (C. A. 9), 163 F. 2d 680, certiorari denied 332 U. S. 842 (short sales) ; *58th Street Plaza Theatre, Inc., supra* (joint trading account). The contract was somewhat unusual, but once entered into, the discharge of financial obligations created by it was both ordinary and necessary. Cf. *Welch* v. *Helvering,* 290 U. S. 111.

It may well be that these payments were not actually interest, and we do not hold that they were. But they are so analogous to interest that to view them as extraordinary or unnecessary would clearly be unwarranted. *Commissioner* v. *Wilson, supra,* 682; see *Welch* v. *Helvering, supra.* For the reasons stated, we view the amounts in controversy as deductible, and find the deficiency to have been erroneous to that extent.

*Decision will be entered under Rule 50.*

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions :
   (a) EXPENSES.—
      *      *      *      *      *      *      *
   (2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.