JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judges, concur.

### HIRSHON v. UNITED STATES.

### No. 420.

United States Court of Claims.

July 13, 1953.

John P. Allison, New York City, for plaintiff.

Elizabeth B. Davis, Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant, Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff sues for the recovery of income taxes which, he says, he should not have been required to pay. He says that certain federal excise stamp taxes which he had to pay upon the transfer of corporation stocks were deductible by him from his 1947 income, but that he was not allowed the deduction, and therefore he was required to pay a larger income tax than he owed.

Until the enactment of the Revenue Act of 1943, federal stock transfer taxes, along with many other federal excise taxes, were deductible from income. By that Act, subparagraph F was added to Section 23(c) (1) of the Internal Revenue Code, 26 U.S.C.A. § 23(c) (1) (F) so that the section now provides that federal excise and stamp taxes are not deductible as taxes, but goes on to say "* * * but this subsection shall not prevent such * * * taxes from being deducted under subsection (a)". Subsection (a) of Section 23 permits the deduction, *inter alia,* of ordinary and necessary expenses incurred in carrying on a trade or business. The plaintiff asserts that the stock transfer stamp taxes here in question were incurred by him in carrying on his business of buying and selling stocks as a trader on his own account.

The plaintiff alleges in his petition that his business was that of a trader in securities. If so, he had to pay stamp taxes on each sale of stock. It would seem that these taxes were ordinary and necessary expenses, and therefore deductible under the legislation adverted to above. The Government says they were not deductible because of a ruling of the Commissioner of Internal Revenue, set forth in I. T. 3806, 1946–2 C. B. 41, which said, in part—

"(2) Federal stamp taxes paid on transfers or conveyances of securities or real estate upon sales thereof as a

trader or other nondealer are selling costs or offsets against selling prices to be taken into account only in determining (net) amounts realized and gains or losses under section 111 of the Code on the sales; * * * "

The plaintiff says that I. T. 3806 contradicts the statute and is invalid.

It will be remembered that, before the Revenue Act of 1943, these taxes were deductible *as taxes,* hence there was then no occasion to decide whether they were or were not ordinary and necessary business expenses. After the enactment of the Revenue Act of 1943, it was necessary to determine that question. If they were such, they were deductible in full. If not, they would be treated merely as an addition to the purchase price, or a deduction from the selling price, in computing taxable capital gains or losses. The Bureau determined that they were deductible in full as ordinary and necessary business expenses. This interpretation was continued until 1946, when I. T. 3806 was issued. It said, as we have seen, that traders, that is, persons who buy and sell stocks for their own accounts, may not have the deduction, but must capitalize the expense. In its Section 1 it says that dealers, that is, merchants of stock, may still have the deduction.

In 1947 the Bureau of Internal Revenue published Mim. 6083, 1947–1 C. B. 19, which withdrew the retroactive effect of I. T. 3806 by providing that such taxes should still be deductible by traders for the years 1944 and 1945, years which ended before I. T. 3806 was published.

We have, then, a situation in which the Bureau itself, for two years after its enactment, interpreted the statute as making these taxes deductible as ordinary and necessary business expenses, which, on their face, they seem to be. Then without any amendment of the statute, or the publication of any Treasury Regulation, we have the Bureau issuing an I. T. which says the opposite. As we understand it, an I. T. is an instruction issued to the staff of the Bureau, as to how the law should be administered by the staff. The Bureau has no power to make law by such an instruction, even to the extent that the Secretary of the Treasury may make law by regulation. The Bureau's original interpretation of the law was natural and logical. If one's business is that of trading in stocks, and if he must pay a tax whenever he trades, the tax would seem to be an ordinary and necessary business expense, and therefore deductible under the express terms of the statute. It seems to us that stock transfer taxes are so directly connected with the particular capital transactions on which they are imposed, that it would be logical to change the law so as to require them to be capitalized. But we think the Bureau of Internal Revenue had no authority to so change the law by issuing an instruction to its staff.

The Government cites the Supreme Court cases of Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52, and Spreckles v. C. I. R., 315 U.S. 626, 62 S.Ct. 777, 86 L.Ed. 1073, in which it was held that commissions paid on the transfer of stocks were not deductible as ordinary and necessary business expenses, but had to be capitalized. But the plaintiff points out that the Supreme Court, in its opinion, expressly relies upon a Treasury Regulation of long standing which had survived several amendments and reenactments of the income tax law. Here we have no such situation.

The Government asks that the plaintiff be put upon his proof that he is, in fact, a trader in securities. We cannot, therefore, grant the plaintiff's motion for a summary judgment, as we would do but for that question as to a vital fact. We deny the motions of both parties and refer the case to a Commissioner for the taking of evidence upon the single question of fact adverted to above.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, JJ., concur.