**MAIN LINE DISTRIBUTORS, INC.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15049.

United States Court of Appeals
Sixth Circuit.

Aug. 9, 1963.

Fred Siegel, Cleveland, Ohio (Rocker, Kahn, Kleinman, Annan and Morton S. Zaller, Bennet Kleinman, Fred Siegel, Cleveland, Ohio, on the brief), for petitioner.

Martin B. Cowan, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Martin B. Cowan, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and BOYD, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

The petitioner, Main Line Distributors, Inc., seeks a review of a deficiency income tax assessment in the amount of $6,175.00 for the taxable year ended January 31, 1957. The question involved is whether the petitioner may deduct as an ordinary and necessary business expense an amount paid by it to a lender of corporate stock, which the petitioner borrowed from the lender in carrying out a short sale of said stock. The amount so paid was equivalent to a dividend paid on the borrowed stock to the purchaser of it before the short sale was completed by the return of the stock so borrowed. The Tax Court sustained the Commissioner's contention that the amount so paid was not a deductible item of expense. Main Line Distributors, Inc. v. Commissioner, 37 T.C. 1090. The petitioner seeks a review of the Tax Court ruling.

The facts are not in dispute. Petitioner is an Ohio corporation, engaged in the business of the wholesale distribution of household and electronic appliances and related items. Its charter authorized it to make investments. It keeps its books and prepares its income tax returns on the basis of a fiscal year ending January 31, and uses the accrual method of accounting.

On December 10, 1956, petitioner's Board of Directors adopted two resolutions—(1) authorizing petitioner to sell short through its broker, Forchheimer & Company, 500 shares of stock of Midland Enterprises, and (2) authorizing its broker, Oppenheimer & Company, to purchase a call option for 500 shares of stock of Midland Enterprises. Pursuant to these resolutions, petitioner on December 10, 1956, sold short through its broker, Forchheimer & Company, 500 shares of capital stock of Midland Enterprises (which it did not own) at $63.00 per share, receiving therefor the net amount of $31,479.82, and also purchased through its broker, Oppenheimer & Company, for the price of $750.00 a call on 500 shares of capital stock of Midland Enterprises callable at $64.50 per share, less any dividends paid thereon during the option period.

To carry out the short sale and deliver to the purchaser the stock so sold, petitioner borrowed the stock from an owner thereof. This borrowing contract

between petitioner and the owner of the stock obligated petitioner, in addition to returning the 500 shares at a later date, to pay to the lender the amount of any dividends paid by the corporation, Midland Enterprises, while the stock was in the borrowed status. This was in accordance with the usual procedure in such matters. Provost v. United States, 269 U.S. 443, 450–453, 46 S.Ct. 152, 70 L.Ed. 352; Commissioner v. Wiesler, 161 F.2d 997, 998, C.A.6th.

On December 13, 1956, Midland Enterprises paid a dividend of $25.00 per share on its outstanding capital stock, which had been declared on December 3, 1956, to stockholders of record on December 11, 1956. At that time it had no accumulated earnings and profits, or earnings and profits for the year, but was not in the process of liquidation. Since petitioner was in a short position with respect to this stock by reason of its sale thereof on December 10, 1956, it paid the sum of $12,500.00 as required by the borrowing contract to the lender of the stock borrowed for the purposes of the short sale.

On December 27, 1956, petitioner exercised its option under the call and acquired the 500 shares of capital stock of Midland Enterprises, which it delivered to Forchheimer & Company to cover its previous short sale thereof. Pursuant to the terms of the call, Oppenheimer & Company charged petitioner with the agreed purchase price of $64.50 per share, for a total of $32,500.00, and credited petitioner with $25.00 per share for a total of $12,500.00 representing the dividend paid by Midland Enterprises of $25.00 a share on December 13, 1956. The net amount so paid by petitioner to Oppenheimer & Company was accordingly $19,750.00.

In its income tax return for the fiscal year ended January 31, 1957, petitioner deducted as an ordinary and necessary business expense the $12,500.00 paid by it to the lender of the stock in the short sale to reimburse the lender for the dividend. It also reported a short-term capi-tal gain from the short sale transaction of $10,979.82 computed as follows:

| | | |
|---|---|---|
| Proceeds of short sale .......... | | $31,479.82 |
| Less: Cost of option ..........$ | 750.00 | |
| Exercise price ... | 19,750.00 | 20,500.00 |
| Short-term capital gain | | $10,979.82 |

The short-term capital gain of $10,979.82 was set off against a short-term capital loss carryover from prior taxable years of $12,260.24, leaving a difference of $1,280.42, which was set off against other capital gains. Petitioner reported long-term capital gains of $1,569.92 for the year in excess of its capital loss carried over from prior years.

The Commissioner disallowed the expense deduction of $12,500.00 and added that amount to the basis of the stock in the short sale transaction. This eliminated the gain on the transaction and made the capital loss carryover available to absorb the other capital gains for the year. This treatment of the transaction resulted in the deficiency assessment herein involved.

Section 162(a), Internal Revenue Code of 1954, under which the payment is claimed as a deduction, is as follows:

"In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including— * * *."

There is some conflict in the authorities whether the payment by the taxpayer to the lender of the stock involved in a short sale of an amount equal to the dividend paid on the stock while it is in the borrowed status is an ordinary and necessary trade or business expense deductible from gross income under Section 162. Such a payment has been held deductible in Dart v. Commissioner, 74 F.2d 845, C.A. 4th; Commissioner v. Wilson, 163 F.2d 680, C.A. 9th, cert. denied, 332 U.S. 842, 68 S.Ct. 263, 92 L.Ed. 413,

and W. Hinckle Smith v. Commissioner, 44 B.T.A. 104. This Court indicated a similar view in Commissioner v. Wiesler, supra, 161 F.2d 997, C.A. 6th, cert. denied, 332 U.S. 842, 68 S.Ct. 263, 92 L.Ed. 413, although the allowance of the deduction was not based on such a ruling. Such a payment has been held not deductible in Commissioner v. Levis' Estate, 127 F.2d 796, 142 A.L.R. 1146, C.A. 2nd, cert. denied, 317 U.S. 645, 63 S.Ct. 38, 87 L.Ed. 520, and Helvering v. Wilmington Trust Co., 124 F.2d 156, C.A. 3rd, reversed on other grounds, 316 U.S. 164, 62 S.Ct. 984, 86 L.Ed. 1352. See also: Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52, and Spreckels v. Commissioner, 315 U.S. 626, 62 S.Ct. 777, 86 L.Ed. 1073, which, however, were considered of doubtful applicability in our opinion in the Wiesler case, supra.

In view of the rulings of the Tax Court and the refusal of the Supreme Court to grant certiorari in the Wiesler and Wilson cases, supra, the Commissioner accepted the rulings in Dart, Wiesler and Wilson, in cases where ordinary dividends representing periodic distribution of profits were involved. In such cases the payments closely resembled such charges as interest on borrowed money or safety storage charges in holding securities when a "long" transaction is involved, which have been recognized as expenses of doing business. See: Commissioner v. Wiesler, supra, 161 F.2d 997, 999, C.A. 6th, cert. denied, 332 U.S. 842, 68 S.Ct. 263, 92 L.Ed. 413. The Commissioner contends, however, that the rule is not applicable to a dividend which is not an ordinary cash dividend, but is actually a liquidating dividend, as in the present case, resulting in a return of capital, nontaxable as income to the stockholder receiving it.

We do not believe that the authorities support such a distinction. It is our view that the payment is allowed as a deduction, not because it is a repayment of a particular kind of "dividend" which the lender would have received if the stock had not been borrowed, but because it is a repayment to the lender of what he has lost by lending his stock to the borrower, which the borrower is obligated to repay by reason of his contract with the lender. It is a contractual expense incurred by the taxpayer as a necessary cost of obtaining for a temporary period the use of the stock of another, irrespective of whether it is a taxable or nontaxable dividend to the purchaser.

But such a ruling does not completely answer the question before us. Under Section 162, the payment not only must be a necessary expense in carrying out the transaction, but it also must be incurred by the taxpayer in carrying on a trade or business. It is not sufficient that the payment be made by the taxpayer in carrying out a transaction resulting in his economic benefit. The necessary expenses of all business transactions are not automatically deductible. "Only those are deductible which relate to carrying on a business." Higgins v. Commissioner, 312 U.S. 212, 217, 61 S. Ct. 475, 478, 85 L.Ed. 783; Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; United States v. Pyne, 313 U.S. 127, 61 S.Ct. 893, 85 L.Ed. 1231; Deputy v. duPont, 308 U.S. 488, 494–497, 60 S.Ct. 363, 84 L.Ed. 416; McDonald v. Commissioner, 323 U.S. 57, 59–60, 65 S.Ct. 96, 89 L.Ed. 68.

Whether, under the particular facts involved, a taxpayer is carrying on a trade or business within the meaning of Section 162 is usually a question of fact, the finding of which, if supported by the evidence and not clearly erroneous, must be accepted on review. Higgins v. Commissioner, supra, 312 U.S. 212, 217–218, 61 S.Ct. 475, 85 L.Ed. 783; Commissioner v. Heininger, 320 U.S. 467, 475, 64 S.Ct. 249, 88 L.Ed. 171; Wilmington Trust Co. v. Helvering, 316 U.S. 164, 168, 62 S.Ct. 984, 86 L.Ed. 1352; Patterson v. Thomas, 289 F.2d 108, 114, C.A. 5th, cert. denied, 368 U.S. 837, 82 S.Ct. 35, 7 L.Ed.2d 38; Long v. Commissioner, 277 F.2d 239, 241, C.A. 8th; Russell Box Co. v. Commissioner, 208 F.2d 452, 454, C.A. 1st; Chester Distributing Co. v. Commissioner, 184 F.2d 514, C.A.

**566**

3rd. See: Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218.

▆ The Tax Court found as a fact in this case that the petitioner was not in the trade or business of dealing or trading in securities. In our opinion, this finding has support in the evidence and is not clearly erroneous. It follows that the payment in question was not a deductible business expense under Section 162, Internal Revenue Code, 1954. Higgins v. Commissioner, supra, 312 U.S. 212, 218, 61 S.Ct. 475, 85 L.Ed. 783; United States v. Pyne, supra, 313 U.S. 127, 61 S.Ct. 893, 85 L.Ed. 1231; Deputy v. duPont, supra, 308 U.S. 488, note 9, p. 495, 60 S.Ct. 363, p. 367, 84 L.Ed. 416.

Petitioner urges upon us that under the ruling in Dart v. Commissioner, supra, 74 F.2d 845, 847, C.A. 4th, no distinction should be made between dealers who are engaged in carrying on a trade or business in the buying and selling of securities and those who are not dealers but buy and sell securities for their own accounts. It is true that the opinion in that case rejects such a distinction, but in doing so, the opinion makes it plain that the activities of those who are not dealers must be such as to constitute a trade or business. In that case the taxpayer, although not a dealer, was an individual making hundreds of purchases and sales during the year, the total selling prices amounting to approximately 57 million dollars. He was held by the Court to be engaged in the business of buying and selling securities and, accordingly, qualified for the deduction even though he was not a dealer. Likewise, in Commissioner v. Wilson, supra, 163 F.2d 680, C.A. 9th, Commissioner v. Wiesler, supra, 161 F.2d 997, C.A. 6th, and W. Hinckle Smith v. Commissioner, supra, 44 B.T.A. 104, also relied upon by petitioner, the taxpayer in each instance was engaged in the business of buying and selling securities. The taxpayer was not so engaged in the present case.

The decision of the Tax Court is affirmed.