Opper, J., concurring: A short sale is necessarily in part a “paper” transaction. This is inherent in the concept of selling property that the vendor does not own. At least as to the “Cuban” transaction it seems to me neither necessary nor reasonable to dispose of the issue on that theory. Petitioners were not in the business of trading or dealing in securities and the dividend cannot be deducted as a business expense. Deputy v. DuPont, 308 U.S. 488, 495—496 (1940); Main Line Distributors, Inc., 37 T.C. 1090 (1962), affd. 321 F. 2d 562 (C.A.6). It is to no greater extent a cost of the collection or production of income nor an expense of conserving income-producing property under I.R.C. 1954, section 212. The opinion adequately relies on Carl Shapiro, 40 T.C. 34, 39-40 (1963), on appeal (C.A. 1), for the proposition that “the avoidance of taxes hardly qualifies as ‘the production or collection of income’ under the statute.” On the contrary, the dividends were— paid by petitioners in connection with the sale of capital assets and were directly attributable to such sale. As such, they were not ordinary and necessary expenses for the production or collection of income within the meaning of section 23(a)(2) [the predecessor of I.R.C. 1954, section 212], but were clearly capital expenditures * * *. [L. B. Maytag, 32 T.C. 270, 280 (1959).) And of course there was no property, income-producing or otherwise, for the conservation of which the dividend was paid. As in any short sale, delivery by petitioner was not made to the purchaser. But since the sale was covered by a confirmed purchase, before the specified date for performance, this can have no significance. I would not cast doubt on technically impeccable short sales by holding here that the transactions had no economic substance. Tietjens and Mulroney, JJ., agree with this concurring opinion.