**Leslie H. BAKER, Jr.,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 75–1274
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 13, 1975.

Leslie H. Baker, Jr., pro se.

Frank D. McCown, U. S. Atty., William L. Johnson, Jr., Asst. U. S. Atty., Ft. Worth, Tex., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Harry Marselli, William M. Brown, Gilbert E. Andrews, Acting Chief, App. Section, U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

In this second go around[1] Taxpayer asserts that brokerage and related expenditures in the purchase of securities are not to be added to the price paid to the seller but should be deducted as an expense. Similarly, he argues that such costs of sale are not to be deducted from the sales proceeds from the buyer. Despite the earnestness of his contentions they come too late. For the law has held to the contrary. Woodward v. Commissioner, 1970, 397 U.S. 572, 574–75, 90 S.Ct. 1302, 1304, 25 L.Ed.2d 577, 581; Spreckles v. Commissioner (Helvering), 1942, 315 U.S. 626, 62 S.Ct. 777, 86 L.Ed. 1073; Commissioner (Helvering) v. Winmill, 1938, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52; Meade v. Commissioner, 5 Cir., 1974, 489 F.2d 161; Helis v. Usry, 5 Cir., 1972, 464 F.2d 330.

Affirmed.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Baker v. District Director, 5 Cir., 1972, 468 F.2d 199.