GAYLE D. HIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hix v. Commissioner
Docket No. 13443-83.
United States Tax Court
T.C. Memo 1987-331; 1987 Tax Ct. Memo LEXIS 331; 53 T.C.M. (CCH) 1299; T.C.M. (RIA) 87331; July 2, 1987. *331 Held, P failed to prove that he was entitled to deductions in excess of the "zero bracket amount." Gayle D. Hix, pro se. Scott E. Itkin, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $166.00 in the petitioner's Federal income tax for *332 1980. The issue for decision is whether the petitioner has proved that he is entitled to certain deductions in excess of the zero bracket amount as defined in section 63(d) of the Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts were stipulated, and those facts are so found. The petitioner, Gayle D. Hix, maintained his legal residence in Houston, Texas, at the time his petition was filed in this case. He filed an individual Federal income tax return for 1980 with the Internal Revenue Service. In 1980, Lt. Col. Hix served in the United States Army. During such year, he had an account with Merrill Lynch Pierce Fenner & Smith, Inc. (Merrill Lynch), and received $425 as dividends from such broker. He also maintained an account at The First National Bank, Anniston, Alabama (the bank), and received $101 as interest from that bank. In 1980, he paid $664.98 as interest to the bank, $537.00 as interest to Merrill Lynch, $186.58 as interest to A.G. Edwards & Sons, Inc. (A. G. Edwards), and $61.50 as sales tax. The petitioner *333 did not report the dividends from Merrill Lynch or the interest received from the bank on his Federal income tax return for 1980. In that year, he did not claim any excess itemized deductions; he did not own a home; he made no charitable contributions; he paid no State income taxes; and he had no medical or dental expenses. In his notice of deficiency, the Commissioner determined that the petitioner owed the deficiency for 1980 because of a failure to report the dividends and interest received by him. OPINION The petitioner did not deny receiving the dividends and interest in 1980; instead, he maintained that, although he had not claimed itemized deductions, he was in fact entitled to enough deductions to offset any liability resulting from the dividends and interest. The petitioner has the burden of proving that he is entitled to the deductions claimed by him. Rule 142(a), Tax Court Rules of Practice and Procedure; Roberts v. Commissioner,62 T.C. 834 (1974). For 1980, the "zero bracket" system was in effect in computing an individual's tax liability. Under that system, there was a zero bracket amount for each individual (that is, an amount on which no *334 tax was imposed), and individuals were allowed itemized deductions only to the extent that their deductions exceeded the zero bracket amount. Sec. 63(c). The zero bracket amount took the place of the standard deduction. H. Rept. 95-1445 (1978), 1978-3 C.B. (Vol. 1) 181, 203-204. For the petitioner, the zero bracket amount was $2,300 in 1980 (section 63(d)), and for him to be entitled to any itemized deductions, he must prove that he was entitled to deductions in excess of that amount. The petitioner stipulated that, for 1980, he was not entitled to any deductions for charitable contributions, for medical or dental expenses, for State income taxes, or for interest or taxes on a home. He proved that he paid interest of $1,388.56 to Merrill Lynch, to A. G. Edwards, and to the bank. He also paid $61.50 as sales taxes. He claimed that in 1980, he paid $479.73 on an income tax deficiency for 1974, but there was no evidence as to how much, if any, of such payment represented tax, interest, or additions to tax; thus, none of such payment was deductible. The petitioner also claimed that he paid $2,762.18 as commissions on the purchase or sale of stock, but such commissions *335 are not deductible. Sec. 1.263(a)-2(e), Income Tax Regs.; Spreckels v. Helvering,315 U.S. 626 (1942). In summary, the petitioner failed to prove that he was entitled to deductions in excess of his zero bracket amount. Therefore, we hold that he is liable for the deficiency determined by the Commissioner. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩